Park A. DALLIS, Plaintiff-Appellee,

v.

AETNA LIFE INSURANCE COMPANY, Defendant-Appellant.

No. 84–8915

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 16, 1985.

**1304**

Tommy T. Holland, Atlanta, Ga., for defendant-appellant.

E.T. Hendon, Jr., Decatur, Ga., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

The present case stems from the refusal of defendant-appellant, Aetna Life Insurance Company ("Aetna"), to reimburse the plaintiff-appellee, Park A. Dallis, for bills incurred in the treatment of his wife's cancer. Plaintiff-appellee and his wife (now deceased) were covered by a group health insurance policy issued by Aetna to Mr. Dallis' employer, DeKalb County. The policy provided for reimbursement for several enumerated categories of reasonable medical expenses, including the fees of a physician or surgeon. The policy also specifically excluded reimbursement for care, treatment, services, or supplies which were not necessary for the treatment of the disease concerned or which were unreasonable.

After undergoing various other treatments for her cancer that proved ineffective, Mrs. Dallis was treated at the Immunology Researching Centre, Ltd. ("IRC") in Freeport, Bahamas. The treatment given by the IRC, described as "immuno-augmentative therapy," has never been approved by any of the various agencies of the United States Government, nor has it ever been proven to be effective. Mrs. Dallis submitted claims to Aetna in the amount of eleven thousand dollars ($11,000) to cover the cost of her treatment at the IRC. Aetna failed to pay these claims on the grounds that the treatment had not gained broad professional acceptance as essential to the treatment of cancer. Aetna advised Mrs. Dallis that Aetna would reimburse her neither for services and supplies which were not necessary for treatment of her disease, nor for charges which were unreasonable.

Mrs. Dallis filed suit against Aetna in state court, and Aetna removed the action to federal district court. The jury returned a verdict against Aetna for eleven thousand dollars ($11,000). The court entered a judgment in that amount, and Aetna appeals on several grounds. 574 F.Supp. 547.

## I. Trial Court's Failure to Grant a Directed Verdict

Aetna first contends that the district court judge erred in failing to direct a verdict against plaintiff-appellee at the close of plaintiff's case. Aetna argues that plaintiff presented no evidence that Mrs. Dallis' expenses at the IRC were "covered medical expenses" under the terms of the policy. More specifically, Aetna contends that plaintiff presented no evidence that the treatment Mrs. Dallis received at the IRC was treatment by a physician.

■ In reviewing the propriety of the denial of defendant's motion for a directed verdict, we must consider all of the evidence in the light and with all reasonable inferences most favorable to the plaintiff. *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 748 F.2d 1543, 1547 (11th Cir. 1984). Plaintiff introduced testimony that the categories of coverage under the group health insurance policy included the fees of a physician or surgeon. Plaintiff also introduced testimony that several physicians rendered medical services at the IRC. One of the doctors testified that he was responsible for monitoring the condition and progress of each patient receiving treatment. Based on this testimony, a reasonable jury could find that Mrs. Dallis and other patients at the IRC were receiving treatment from a physician, and that the costs of Mrs. Dallis' treatment were therefore "covered medical expenses." The trial court judge correctly denied defendant's motion for a directed verdict.

## II. Admissibility of Anecdotal Testimony

At trial, plaintiff introduced deposition testimony of two doctors concerning several successful case histories of people who had received treatment at the IRC. The second issue appellant raises is that anecdotal testimony concerning approximately 10 patients of the nearly 1700 who had been treated at the IRC was irrelevant and should have been excluded. Alternatively, Aetna contends that the testimony should have been excluded because it was misleading to the jury and unfairly prejudicial to Aetna, and of little or no probative value.

■ Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401. The determination of whether evidence is relevant lies within the discretion of the trial court. *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1524 (11th Cir.1985). One of the issues contested at trial was whether the IRC treatments were "necessary" treatments. The anecdotal testimony that several patients had been successfully treated at the IRC had some tendency to show that such treatments were "necessary" to fight cancer, and thus was relevant evidence.

Evidence, although relevant, may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1347 (5th Cir.1978); Fed.R.Evid. 403. However, like determinations of relevance, determinations of admissibility of evidence under Rule 403 are subject to review only for abuse of discretion. *Rozier*, 573 F.2d at 1347. The trial judge acted well within his discretion in deciding to admit the anecdotal testimony. If the testimony that 10 out of 1700 patients were successfully treated was not particularly strong evidence that the IRC treatments were necessary, Aetna could have exposed the weakness of this testimony on cross-examination or through Aetna's own witnesses.

## III. Admissibility of Lay Opinion Testimony

Plaintiff presented several live witnesses who testified that they had been treated at

the IRC. None of these witnesses qualified as experts. All testified that they had had cancer before receiving treatment at the IRC, and that they were feeling in good health at the time of trial. All of these witnesses expressed their opinions, over appellant's objections, that the IRC treatment had helped improve their condition. Appellant contends that these statements of opinion by lay witnesses should not have been admitted into evidence.

■ Lay testimony in the form of opinions or inferences may be admissible if such opinions or inferences are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Fed.R.Evid. 701. The ultimate decision on admissibility under Rule 701 rests in the hands of the trial judge, whose exercise of discretion in this regard will not be overturned absent clear abuse. *Scheib v. Williams-McWilliams Co., Inc.*, 628 F.2d 509, 511 (5th Cir.1980).

The testimony of these witnesses was relevant to the determination of a fact in issue, namely, whether the IRC treatment was a "necessary" treatment for cancer. Furthermore, the opinions of all of these witnesses were rationally based on their own perceptions. The witnesses were not asked whether they believed the IRC treatment was helpful in treating all cancers but, rather, whether it had improved their own condition. The witnesses were in the special position of having experienced the IRC treatment and having first-hand knowledge of how they felt before and after the treatment. *Cf. Miller v. Universal Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir.1981) (author permitted to testify as a lay witness regarding similarities between his book and a movie).

Appellant complains that, in effect, all of the witnesses diagnosed their own cancer, explained that conventional treatment was of no value, described the IRC treatment, and opined that the IRC treatment alleviated or ameliorated their cancer. To the extent that the witnesses' opinions lacked a scientific basis, appellant had the opportunity to expose this fact.[1] In short, Aetna's objection to this evidence goes to its weight and not its admissibility. The trial court did not abuse its discretion in admitting this evidence.

### IV. *Evidence of Prior Similar Payment*

■ At trial, plaintiff introduced deposition testimony from a woman who had been covered by a substantially similar group health insurance policy from Aetna in another jurisdiction. This woman testified that she had undergone treatment for cancer at the IRC, and submitted claims for her treatment to Aetna. She further testified that Aetna had reimbursed her for her claims without disputing them. Appellant's final argument is that the trial court erred in permitting plaintiff to introduce this testimony over appellant's objection at trial.

Rule 408 of the Federal Rules of Evidence provides, in relevant part: "Evidence of (1) furnishing or offering to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." Fed.R.Evid. 408. This rule has been held applicable to situations involving settlements between one of the parties and a third party, where such settlements have arisen out of the same transaction that is in dispute. *See Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir.1984). To hold that Rule 408 bars the testimony presented in the instant case would require a finding that the payment of a claim by an insur-

---

1. Indeed, the record indicates that appellant had ample ammunition with which to expose weaknesses in this lay testimony. One exchange, which took place out of the presence of the jury, went as follows:

Q. Have you ever had any training in the sciences?
A. In the sciences?
Q. Yes, sir.
A. Political science, yes.

ance company, where there is no evidence that the company ever disputed the claim, qualifies as a compromise within the meaning of Rule 408. Furthermore, to hold Rule 408 applicable to the instant case would be to extend that rule to forbid evidence of a settlement between one party and a third party when such settlement involves similar circumstances to, but does not arise out of, the transaction with which the litigation is concerned.

We hold that the payment by Aetna of the prior claim was not a "compromise" within the meaning of Rule 408.[2] For Rule 408 to apply, there must be an actual dispute, or at least an apparent difference of opinion between the parties, as to the validity of a claim. 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 408[01], at 408–10 to 11 (1982). There is no evidence in the record that either the validity or the amount of the payment was ever the subject of dispute. *See Mendelovitz v. Adolph Coors Co.*, 693 F.2d 570, 580 (5th Cir.1982).

Appellants argue that under Rule 403 the trial court should have excluded the testimony of the prior payment as irrelevant and prejudicial to Aetna. In order to reverse the trial court, we would be required to hold that the judge abused his discretion in admitting the testimony of the prior payment. *See Rozier*, 573 F.2d at 1347. The trial judge admitted the testimony on the grounds that, insofar as the testimony of the prior payment tended to show that Aetna had once determined that charges for the IRC treatment were reasonable medical expenses, the testimony was relevant to the question of whether charges for the IRC treatment were in fact reasonable medical expenses, and thus covered by plaintiff's insurance policy. We cannot say that the trial judge abused his discretion in admitting this testimony.

The judgment of the district court is AFFIRMED.

**2.** We do not reach the question of whether Rule 408 bars evidence of a settlement between one of the parties and a third party when such settlement involves similar circumstances to, but does not arise out of, the transaction with which the litigation is concerned.