[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON IN LIMINE MOTION
This is an underinsured motorist coverage claim by the plaintiff Van Wart against the defendant Allstate Insurance Company. CT Page 1025
The plaintiff was injured in a collision with an alleged negligent tortfeasor, Lisa Forster, who was also insured by the Allstate.
Forster was insured with a $50,000 policy issued by the Allstate. The Allstate settled that Van Wart claim against tortfeasor Forster for the full $50,000 of the policy.
The plaintiff Van Wart now in her underinsured case against the Allstate seeks to put evidence before the jury of the $50,000 settlement made by the Allstate to invite the inference from the jury that the tortfeasor was negligent because otherwise Allstate would not have paid on the underlying tortfeasor's policy.
The defendant Allstate objects on the basis that this was a settlement and the plaintiff should be excluded from inviting such an inference because of the policy excluding such compromises from being used so that litigants will not be discouraged from settlements.
The Court agrees with the defendant, and grants in limine relief to preclude argument as to such an inference or the offer of such evidence to establish liability.
The Court takes notice that the plaintiff Van Wart's lawsuit did not result in a verdict or judgment and was withdrawn. The parties pleadings also indicate Allstate paid the $50,000 policy.
The plaintiff objects to use of the word settlement. There is no question that Allstate's $50,000 payment on Forster's behalf is a settlement.
"The word "settle" when applied to an unliquidated claim or demand means its mutual adjustment between the parties and an agreement upon the balance". State v. Staub, 61 Conn. 553, 568
(1892). "When applied to an unliquidated demand, the word means to effect a mutual adjustment between the parties and to agree upon the balance." Ballentine's Law Dictionary, Third Edition, p. 1165, 1166, citing State v. Staub, 61 Conn. 553, 568. ". . . release of a tortfeasor in any cause of action involves what fairly and euphemistically are called `settlements'". Peck.Jacquemin, 196 Conn. 53, 59 (1985). Settlement means ". . . to fix the amount due a claimant. . .". See Dowe v. Egan,133 Conn., 112, 127 (1946) citing State v. Staub, supra. CT Page 1026
Since the amount offered was accepted, it is a completed settlement.
Connecticut has not adopted general rules of evidence by legislative act similar to the Federal Rules of Evidence, although there are certain specific statutory rules. For example, state statute prohibits introduction of evidence of a failure to bill or part payment of medical expenses as an admission of liability. Most rules of evidence are found in Connecticut case law and it is replete with authority that a policy encouraging settlements and offers of settlements requires offers of settlements be excluded as evidence as to liability on the part of the offeror.
This rationale is logically even more important with respect to completed settlements, than it is with mere offers. Our jurisprudence has recognized that one of its aims to produce a consistent body of law. The common law is not dead. It lives. See: Common Law judging in a statutory world; an address. Ellen Ash Peters. University of Pittsburgh Law Review, Summ 1982 43 n4 p. 995-1011. Where statutes and case regulate admissibility of a type of evidence then it is the object of the living common law to reconcile court made case law so that it is in logical harmony with those laws the legislature has enacted to govern us on related subjects. The result of such a melding is one consistent body of law. Where statutes like C.G.S. § 52-184 (b),52-184b(c) exclude health care , providers failure to bill or advance of medical payments as evidence of liability, and case law does likewise for offers of settlement, then to be consistent completed settlements should also be excluded as evidence as to liability.
In ruling on issues that relate to our developing common law of evidence, Connecticut has often looked to the federal rules of evidence. State v. Weinberg, 215 Conn. 231 (1990). Rule 408 of the Federal Rules of Evidence applies to similar situations in the federal system and reads as follows:
 "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does CT Page 1027 not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."
It bars admission of settlements as evidence on the issue of liability or causation. McInnis v. A.M.F., Inc., 765 F.2d 240
(1985). "Well established case law and the Federal Rules of Evidence prohibit the introduction of settlements or settlement negotiations into evidence to prove liability. Fed.R.Evid. 408; see Dallis v. Aetna life Insurance Co., 768 F.2d 1303 (11th Cir. 1985)." Lamplighter Dunner Theatre v. Liberty Mutual Inc.,792 F.2d 1036 (11th Dir. 1986).
Litigants should not be penalized in court for settlements made out of court. "Second, such evidence is of questionable relevance on the issue of liability or the value of a claim, since settlement may well reflect a desire for peaceful dispute resolution rather than the litigant's perceptions of the strength or weakness of their relative positions. See Federal Rules of Evidence 408, advisory committee note"; McInnis v. A.M.F., Inc.,765 F.2d 240, 247.
The fact that the defendant insurer settled the claim against Lisa Forster does not necessarily indicate it thought she was liable. Given the $50,000 limit of her policy, it may have fallen into the category of cases where an insurer determines to settle a case to limit its insured's exposure in excess of policy limits or for a variety of other reasons. However, whether such an inference is supportable or not, it should not be permitted because it is contrary to the very practical policy of encouraging the settlement of disputes.
The court has already orally ruled that the plaintiff for impeachment purposes may refer to and offer evidence about the fact that Allstate settled the claim against Forster, and that it insured Forster and thus she had a connection with Allstate which may relate to possible motive or bias in her testimony. That ruling stands as to impeachment purposes only.
So ordered. CT Page 1028
Flynn, J.