Charles A. BORCHELT and Norma Borchelt, Appellants,

v.

A. W. WENTZ, State Highway Commissioner in and for the State of North Dakota, Respondent.

No. 8041.

Supreme Court of North Dakota.

Aug. 22, 1963.

Rehearing Denied Oct. 10, 1963.

Floyd B. Sperry and J. A. Hyland, Bismarck, for appellants on appeal only.

Leslie R. Burgum, Atty. Gen., Vernon R. Pedersen, Asst. Atty. Gen., and Jon R. Kerian, Sp. Asst. Atty. Gen., Bismarck, for respondent.

MORRIS, Chief Justice.

Section 14 of the North Dakota Constitution, as amended on June 26, 1956 (Session Laws N.D.1957, Chapter 397), in part provides:

" * * * that when the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of the county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages."

The legislature provided by law for appeals by enacting the following provision:

"Within thirty days after notice has been given in writing to the landowner by the clerk of the district court that a deposit has been made for a taking of right of way as authorized by section fourteen of the constitution, the owner of the property taken may appeal to the district court by serving a notice of appeal upon the acquiring agency, and the matter shall be tried at the next regular or special term of court with a jury unless a jury be waived, in the manner prescribed for trials under chapter 32–15 as amended." Section 24–01–22.1, NDCC.

The State Highway Commissioner, acting under the foregoing provisions, sought to obtain title to or rights affecting four parcels of land located in Morton County, North Dakota, described as follows:

PARCEL NO. 40. The north 433.0 ft. of the Northeast Quarter of Section Eighteen (NE¼ 18), Township 139 N., Range 85 W., 5th P.M., excepting all that portion lying within 33 feet of the section lines. Tract contains 23.91 acres, more or less.

Also including all right of access, being the right of ingress and egress from the remaining property to and from the highway right of way as shown on the right of way plat. And including all right and control over the erection, location or maintenance of billboards, signs or any form of advertisement whatsoever, upon all that portion of the NE¼ of Sec. 18, Twp. 139 N., Rge. 85 W., in Morton County, North Dakota, within 660 feet of the right of way limits of Project 1–94–3(1), Morton County, North Dakota, as shown on right of way plats on file in the Register of Deeds office.

PARCEL NO. 40A. The south 100.0 ft. of the north 533.0 ft. of the west 200.0 ft. of the Northeast Quarter of Section Eighteen (NE¼ 18), Twp. 139 N., Rge. 85 W., 5th P.M. Tract contains 0.46 acres, more or less.

PARCEL NO. 39C. All right and control over the erection, location or maintenance of billboards, signs or any form of advertising whatsoever, upon all that portion of the Southeast Quarter of Section Seven (SE¼ 7), Twp. 139 N., Rge. 85 W., in Morton County, North Dakota, within 660 feet of the right of way limits of Project 1–94–3 (1), Morton County, North Dakota, as shown on right of way plats on file in the office of the Register of Deeds, Morton County, North Dakota.

PARCEL NO. 41D. All right and control over the erection, location or main-

tenance of billboards, signs or any form of advertising whatsoever, upon all that portion of the North Half of Section Seventeen (N½ 17), Twp. 139 N., Rge. 85 W., in Morton County, North Dakota, within 660 feet of the right of way limits of Project 1–94–3(1), Morton County, North Dakota, as shown on right of way plats on file in the office of the Register of Deeds of Morton County, North Dakota.

Charles Borchelt and Norma Borchelt appeal to the District Court of Morton County from each award made and offer deposited by the State Highway Commissioner. By stipulation of counsel, all four appeals were consolidated for trial and it was agreed that one verdict should be rendered and one judgment entered covering all elements of damages raisable in the separate cases.

The question of damages was tried to a jury in the district court. A verdict was rendered in favor of the appellants in the sum of $9,179.60 damages which the verdict indicated consisted of $1,949.60 for the land taken, and $7,230 for severance damages. This court is asked to reverse the judgment and grant a new trial for alleged errors of law occurring at the trial.

■ The first error at law for which reversal is claimed is based upon the denial of the admission of proffered evidence and an offer of proof by the appellants with respect to the title to the property described in parcels 39C and 41D. We will describe the situation upon which this claimed error rests.

The respondent highway commissioner introduced in evidence a contract for deed between the owners of the property as vendors, and Chas. Borchelt and Norma Borchelt, husband and wife, as joint tenants, with right of survivorship, and not as tenants in common, and Victor K. Borchelt, parties of the second part, as vendees. This contract covers tracts of land of which parcels 39C and 41D herein involved are parts. It provides:

"Conveyance of said land shall be made to the vendees by two deeds, one to an undivided One-Half interest therein to be made to the vendees Chas. Borchelt and Norma Borchelt, as Joint Tenants, with right of survivorship, and not as tenants in common; and one to an undivided One-Half interest therein to be made to the vendee Victor K. Borchelt."

It further appears that on October 6, 1958, the vendors complied with the quoted provisions of the contract by executing, to Charles Borchelt and Norma Borchelt, husband and wife, a warranty deed to the land involved, conveying therein an undivided one-half interest, and on the same day conveyed an undivided one-half interest by separate warranty deed to Victor K. Borchelt.

Victor K. Borchelt is not an appellant to the district court in these proceedings and was not made a party thereto.

Charles Borchelt took the witness stand and testified at some length regarding the location of the farm of which the parcels of land in question are a part, the nature of the improvements, the quality of the land and the use to which it was put. In response to his counsel's questions, he then sought to testify that he paid the entire purchase price for the land. An objection to this testimony was sustained. His counsel then made this offer of proof:

"That Charles Borchelt, by checks #252 and 276 and a certificate of deposit from the First National Bank of Bismarck, in the name of Charles Borchelt, paid to the Blank brothers the entire purchase price for this land and that no gift was contemplated to Victor Borchelt and that the title in the name of Victor Borchelt was taken in trust for the use and benefit of Charles and Norma Borchelt and that Charles and Norma Borchelt were, at the time of the taking, the owners of the land purchased from the Blank brothers, including the

interest taken in the name of Victor Borchelt."

This offer of proof was objected to by counsel for the respondent and the offer of proof denied.

The appellants, in support of their contention that the proffered evidence should have been admitted, point to Section 59–01–06, paragraph 4, NDCC, which provides that:

"When a transfer of real property is made to one person and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

It is argued that the evidence offered would raise a presumption that Victor K. Borchelt held title to an undivided one-half interest in the property involved in trust for his father, Charles Borchelt, and that the exclusion of the evidence was error on the part of the trial court. We cannot agree with this contention.

During the time these proceedings were had, Victor K. Borchelt was the record owner of an undivided one-half interest in the property involved in parcels 39C and 41D. The record does not show what, if any, offer was made to him or to anyone with respect to that interest. Damages to it, if any, are not an issue in this appeal. The only appellants to the district court or to this Court in this proceeding are Charles Borchelt and Norma Borchelt who were the record owners of an undivided one-half interest in the property as shown by the contract for deed heretofore mentioned, recorded in the office of the register of deeds in Morton County, on July 16, 1959, in Book 46 of Miscellaneous, page 254, and by a warranty deed executed by the vendors named in the contract for deed, which warranty deed was recorded in the office of the register of deeds in Morton County, on July 16, 1959, in Book 111 of Miscellaneous Deeds, page 566.

The court instructed the jury that Charles and Norma Borchelt are the owners of an undivided one-half interest in the Southeast Quarter of Section 7, and the lands lying in Section 17, and that if they should find that those lands had been damaged as a result of the taking, the jury must reduce the total damages to such lands by subtracting therefrom the amount which would represent the portion of the property not owned by Charles and Norma Borchelt, or in other words must divide the total damages sustained to those lands by two, and subtract from the total award one-half of the total damages. This instruction is challenged as erroneous upon the theory that the entire title and ownership was in Charles and Norma Borchelt because of the suggested implied trust.

The prime issue inherent in the rejected offer of proof was one of title to an undivided one-half interest in the property as between Charles Borchelt, who claimed to have paid the purchase price, and Victor K. Borchelt, who was named in the contract as a vendee and was later grantee in a warranty deed to an undivided one-half interest in the property. Victor K. Borchelt not being a party to the proceedings before the court would not be bound by any determination with respect to his title. He would not have been bound by any determination that the court might have made to the effect that Charles Borchelt was the owner of the entire interest in the property or that Victor K. Borchelt held his one-half interest in the record title in trust for his father. The court not being in a position to have determined the title to the property as between Charles Borchelt and Victor K. Borchelt, he properly excluded the proffered testimony which, if the court had the parties before it, might have raised a rebuttable presumption that Victor K. Borchelt held the property in trust for his father who claims to have paid the purchase price.

It was proper for the court to give the challenged instruction. He could do nothing else than have the jury determine the

damages to the property of persons before the court. On the evidence presented before the jury, Victor K. Borchelt, who was not a litigant before the court, was the owner of record of an undivided one-half interest. It was proper for the court to exclude from the verdict damages, if any, to that interest.

The appellant sets forth as a specification of error:

"That the trial Judge erred in threatening counsel for appellants with contempt of Court, accusing him of attempting to hold the rulings of the Court in disrespect, in suggesting impertinence and impropriety on the part of counsel and in suggesting that counsel was guilty of misconduct and in trying to deceive the jury, all taking place in presence of the jury and no curative action thereafter having been taken by the Court."

This specification is subject to criticism as being general and not sufficiently specific, not pointing out the language of the court of which the appellant complains, and not containing any reference to the record whereby the matter complained of can be located but leaving to this court and opposing counsel the task of searching the record.

The respondent has not complained of the form of the specification. It was not drawn by appellants' present counsel who have made reference in their brief to the pages of the transcript on which the remarks of the trial court appear. We have therefore decided to give the matter consideration. The specification is an exaggerated summary of what took place. This is what the court said:

"I want to tell the jury this one thing, that counsel has been attempting to indicate that the court has ruled arbitrarily out of the air, but it is my opin-

ion that my ruling that I made was correct and any more reference to any ruling that I made will be considered very, very close to contempt of court."

It is obvious from the record that the court considered previous remarks of counsel as critical of his ruling rejecting the offer of proof. His remarks referred only to that ruling. He made no reference to the evidence or the issues before the jury. He did not, as the specification charges, suggest that counsel was guilty of misconduct or trying to deceive the jury. The remarks, while ill-advised, do not appear to have been prejudicial and do not constitute reversible error.

The four appeals, one pertaining to each parcel of land, and all of which were taken by Charles Borchelt and Norma Borchelt, were consolidate for trial, verdict and entry of judgment. The trial resulted in a consolidated verdict in favor of the appellants for damages in the sum of $9,179.60. This sum the verdict shows consisted of two items, $1,949.60 for land taken, and $7,230 damages to the remainder, or severance damages. We presume that the jury followed the instructions of the court. The verdict therefore did not include damages to an undivided one-half interest in parcels 39C and 41D, title to which was in Victor K. Borchelt.

Judgment was rendered on the verdict, and while somewhat ambiguous in language, it is subject to the same limitation as the verdict. It awards damages only for injury to property to which appellants held title. The appellants not having shown reversible error, the judgment is affirmed.

TEIGEN, BURKE and STRUTZ, JJ., concur.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.