Phillip GECK, Appellant,

v.

A. W. WENTZ, Highway Commissioner in and for the State of North Dakota, Roy O. Young, Chairman of the Board of County Commissioners of Morton County, a Public Corporation, Respondents.

No. 8181.

Supreme Court of North Dakota.

Dec. 11, 1964.

Rehearing Denied April 3, 1965.

Higgins & Christensen, Bismarck, for appellant.

Helgi Johanneson, Atty. Gen., Myron E. Bothun, Sp. Asst. Atty. Gen., Bismarck, H. G. Ruemmele, Sp. Asst. Atty. Gen., Grand Forks, for respondents.

GEFREH, District Judge.

This appeal arises out of an action in eminent domain which was commenced under the procedures provided for under Section 14 of the North Dakota Constitution. Appellant appealed an award made by the State Highway Department for the taking of five separate tracts of land totalling 40.02 acres used in the construction of Interstate Highway Number 94 in Morton County, North Dakota, and pursuant to such appeal the action was tried to a jury in the district court of Morton County. The appeal to this court is from the judgment entered in the district court of Morton County pursuant to the verdict rendered by the jury on the assessment of damages.

Appellant has assigned the following specifications of error:

1. The court erred in admitting into evidence testimony on behalf of the respondent over the objection of petitioner.

2. The court erred in refusing to admit testimony offered by the petitioner as follows: The court's refusal to permit the witness Edwin C. Richter to testify as to his knowledge of coal outcrops in the vicinity of the lands in question; the court's rejection of the testimony of the said Edwin C. Richter as to what factors were considered by informed prospective purchaser of lands valuable for coal mining purposes; the court's striking of the evidence of the appellant of the value of the coal in Lots 3 & 4 of Section 7; the court's rejection of the testimony of the appellant's witness, Wretling, as to his interest in mining prospects in this area and his attempt to buy land for that purpose there; the court's rejection of the testimony of the witness Wretling as to knowledge of coal lands adjacent to the Richter mine since and his travels in search of coal lands in the area involved here; striking of the testimony of Wretling that the Richter mine, adjacent to the land involved, was a good mining property; and the court's rejection of the testimony of the witness Richter as to his interest in and offers to buy the very land in question for coal mining purposes.

3. The court erred in refusing to give petitioner's requested instruction number 1.

4. The evidence was insufficient to justify or support the judgment entered.

5. The court erred in instructing the jury that "You may not consider the minerals underlying that part of the appellant's farm lying within Section 7, as a factor or basis for value, for the reason that the appellant does not own these minerals, and hence they are not involved in this case."

Specifications numbered 1, 3 and 4 were not briefed or argued by the appellant.

This court has consistently ruled that errors assigned but not argued will be deemed waived and need not be considered on appeal. Regent Co-op. Equity Exchange v. Johnston's Fuel Liners, Inc. (N.D.), 122 N.W.2d 151. We, therefore, consider these specifications of error waived and will not consider them.

The points argued under specification number 2 may be grouped into two categories; testimony concerning the nature of adjacent land; and testimony concerning offers of purchase.

■ The court refused to admit offers to purchase some of the land for coal mining purposes. The rule concerning offers to purchase in eminent domain proceedings is stated in Petition of Omaha Public Power District, 168 Neb. 120, 95 N.W.2d 209. The rule is: "In proving the value of property it is improper to admit testimony of an alleged offer of a particular price for the property as tending to show its value."

The rule is also found in 20 Am.Jur. Evidence Sec. 375, p. 341: "As a general rule, proof of mere offers to buy or sell either land or personal property is not competent to show the value of such property or other property similarly situated in the vicinity."

To the same effect, 31A C.J.S. Evidence § 182(3), p. 469 states: "It is said in some cases that bona fide offers to purchase land at a named price, which the owner has declined, are admissible to prove the value of the land; but, although some courts have ruled for admissibility, the weight of authority is that such evidence is not admissible." In the footnotes to this section the following reasons are cited for this rule:

"(1) Evidence of offers to buy is too easily manufactured.

"(2) The difficulty of determining whether or not an unaccepted offer was made in good faith required the rejection of such evidence.

"(3) Such testimony simply gives the opinion of the offeror as to the value of the land.

"(4) The admission of such evidence would raise a collateral issue.

"(5) 'An unaccepted offer of this kind may be influenced by so many considerations entirely foreign to such an issue, and may put the opposing party at such disadvantage affording him, as it does, no fair opportunity to either anticipate or combat it.'"

See also Mackey v. State, 220 Ind. 607, 45 N.E.2d 205, and State Highway Commission v. Triangle Development Co. (Wyo.), 369 P.2d 864, to the same effect.

We agree with the weight of authority that such evidence is not admissible and, therefore, the court properly excluded the proffered testimony concerning offers to purchase.

■ Appellant also claims the court erred when it refused to allow the witness Mr. Richter to testify as to the location of a coal vein in the area of the Geck property. The objection to this testimony was sustained by the court primarily on the basis that it was offered before appellant had established that the highest and best use of the land was for coal mining purposes. Later during the trial the appellant was allowed to show through other witnesses coal outcroppings on the adjacent land and that there was coal located under all of his land, and was permitted to testify as to the value of the land for coal mining purposes. The court properly excluded the testimony at the time it did as not being in the proper order of proof.

■ The appellant has also raised in his brief and in oral argument this point: "The State could not set up the purported interest of a third party as a defense to appellant's claim."

The appellant had introduced in evidence an abstract of title pertaining to Lots 3 & 4 of Section 7, being Exhibit No. 1, as proof of his title to the property involved. Entry No. 20 of the abstract showed a warranty deed from the Northern Pacific Railway Company to one Bonifaz Mauch. A certified copy of this deed was introduced in evidence by the respondent without objection. This deed contained the following language: "reserving and excepting from said lands such as are now known, or shall be hereafter ascertained, to contain coal or iron, and also the use of such surface ground as may be necessary for mining operations, and the right of access to such reserved and excepted coal and iron lands, for the purpose of exploring, developing and working the same * * *."

Since no objection was made to the introduction of the deed showing a purported coal reservation in the Northern Pacific Railway Company, it is not clear how this point fits under any of the specifications of error that have been assigned by appellant, but presumably the point is made in reference to the point raised under specification of error No. 2: "The court's striking of the evidence of the appellant of the value of the coal in Lots 3 & 4 of Section 7."

The abstract of title introduced by appellant showing his chain of title also showed on its face the reservation to the coal in the Northern Pacific Railway Company. Appellant argues that this reservation should have been held invalid or void by the trial court for the reason that the reservation was uncertain and indefinite and that it was in conflict with the rule against perpetuities. This, however, would have required the court to try the title to the coal interest. The Northern Pacific Railway Company was not a party to the action and, therefore, could not be bound by any determination that the court might have made in respect to its title to the coal interest. The trial court could only have the jury determine the damages to the property of persons that were properly before

the court. Borchelt v. Wentz (N.D.), 123 N.W.2d 831. The court not being in a position to have determined the title to the coal interest as between appellant and the Northern Pacific Railway Company, properly struck the testimony as to the value of coal in Lots 3 & 4 of Section 7. Appellant's claim that the State attempted to set up the purported interest of a third party is factually erroneous and therefore the objection made is entirely without merit.

We then come to the last specification of error, Specification No. 5, in which appellant contends that the court erred in instructing the jury that "You may not consider the minerals underlying that part of the appellant's farm lying within Section 7, as a factor or basis for value, for the reason that the appellant does not own these minerals, and hence they are not involved in this case."

The record in this case disclosed that the trial court submitted the written instructions to the attorneys for both sides and asked them to note any objections that they may have. No objections were made by either party to any of the instructions given. Rule 51(c) of the N.D.R.C.P. provides for the submission to counsel the instructions the court proposes to give, and for requiring objections to be noted, and "Thereafter, only the parts or omissions so designated shall be excepted to by the counsel designating the same."

This court in Mann v. Policyholders' Nat. Life Ins. Co., 78 N.D. 724, 51 N.W.2 ˙ 853, held: "When a trial court writes out his instructions and gives them to counsel in time for their examination before delivery thereof he may require them to designate any parts thereof that they deem objectionable and if no parts are so designated all exceptions thereto are waived." This is in harmony with what rule 51(c) requires. We, therefore, cannot consider the error assigned under Specification of Error No. 5. However, some of the points raised under this specification of error have already been considered by the court in

connection with the error assigned in reference to the court's ruling on striking the testimony on the value of coal in Lots 3 & 4 of Section 7. We find no error with any of the trial court's rulings that would require a new trial.

An examination of the Order for Judgment and the Judgment entered in this case discloses that the exclusion of the coal interest in Lots 3 & 4 of Section 7, Twp. 139 N., Range 87 West, is not shown and therefore does not conform to the court's instruction excluding consideration of damages for coal under this tract of land. It is therefore ordered that the Order for Judgment and Judgment be modified accordingly to show the exclusion of the coal interest.

The judgment of the district court, as ordered modified, is affirmed.

MORRIS, C. J., and TEIGEN, BURKE, and ERICKSTAD, JJ., concur.