2006 ND 100

**STATE of North Dakota, Plaintiff and Appellant**

**v.**

**Krystal HAIBECK, Defendant and Appellee.**

**No. 20050367.**

Supreme Court of North Dakota.

May 11, 2006.

Brandi Sasse Russell, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellant.

Michael R. Hoffman, Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] The State appeals from a trial court's judgment dismissing an information charging Krystal Haibeck with four counts of possession of drugs and drug paraphernalia. The State argues the trial court erred in dismissing the charges after the State inadvertently destroyed physical evidence. We reverse and remand.

I

[¶ 2] Haibeck was charged with four counts of possession of drugs and drug paraphernalia following a July 5, 2003, traffic stop. In *State v. Haibeck*, 2004 ND 163, 685 N.W.2d 512, this Court reversed a trial court order granting Haibeck's motion to suppress evidence and remanded. A more detailed description of the facts surrounding Haibeck's arrest can be found in our previous opinion, but are largely irrelevant to the issue in this case. *See id.*

[¶ 3] On remand, during the final pre-trial conference in chambers on the morning of the jury trial, the State informed the

trial court and Haibeck's counsel that the physical evidence the State had intended to present had been destroyed. That evidence consisted of a quantity of marijuana and methamphetamine and a razor blade and pipe, both alleged to contain drug residue. According to the State, the evidence had been destroyed inadvertently due to the age of the case. After announcing the evidence had been destroyed, the State said it was prepared to go forward with the case and would present a lab report and testimony from the arresting officer and the author of the lab report in support of its case. Haibeck's counsel immediately orally moved for a judgment of acquittal. In support of the motion for judgment of acquittal, Haibeck's counsel cited the right to confront, right of due process, fair trial, and generally constitutional grounds.

[¶ 4] After argument by counsel for both sides, but without briefing on the issue, the trial court said it was granting the motion and dismissing all four counts:

> [B]ecause there's not—as a matter of law, there simply is not going to be enough evidence to get the case to the jury, and it's not going to be fair to Ms. Haibeck's due process rights not to be able to fully confront the case against her . . . she does have a right in court to have those items present.

The trial court then went into open court, called in the jury, and ordered dismissal of all four counts. The trial court stated that, under the Sixth Amendment's Confrontation Clause, a person has a right to be confronted with all the evidence against them and that Haibeck would be deprived of her Sixth Amendment Confrontation Clause rights if the trial went forward.

[¶ 5] On appeal, the State argues the trial court erred by ordering the dismissal of the charges without any showing that the evidence had been destroyed in bad faith. Haibeck argues the trial court's decision should be upheld in the interest of judicial economy and because the absence of the evidence would make a trial on the charges of possessing the destroyed evidence fundamentally unfair.

## II

[¶ 6] Questions of law decided at a preliminary hearing are fully reviewable on appeal. *State v. Perreault*, 2002 ND 14, ¶ 6, 638 N.W.2d 541. The trial court dismissed the charges on the grounds that Haibeck's confrontation rights would be violated by going forward. In doing so, the trial court erred as a matter of law. We have never applied a Sixth Amendment Confrontation Clause analysis to the State's destruction of evidence. The United States Supreme Court has recently addressed the meaning, history, and purpose of the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The Supreme Court stated that: "the principal evil at which the *Confrontation Clause* was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." *Id.* at 50, 124 S.Ct. 1354. The second purpose of the amendment was the framers' intent not to allow: "statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id.* at 54, 124 S.Ct. 1354.

[¶ 7] Our Court set forth what evidence is required to implicate a due process violation in *State v. Steffes*, 500 N.W.2d 608 (N.D.1993) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)).

> "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evi-

dence does not constitute a denial of due process of law."

*Id.* at 613. This, as we recognized in *Steffes*, is the federal constitutional test for evidence that is potentially useful as compared to evidence that is plainly exculpatory. *Id.* Haibeck admits that in her case there is no evidence of bad faith by the police and that therefore, under the United States Constitution, there was no violation of her due process rights. The trial court erred in concluding otherwise.

**B**

■ [¶ 8] Haibeck encourages us to affirm, however, based on dicta in *Steffes* that leaves open the possibility that the North Dakota Constitution affords greater protection than the federal in this area. *See Steffes,* 500 N.W.2d at 611 n. 3. In *Steffes,* we said:

> Relying upon state constitutional law, some states hold that even in situations where defendants cannot show bad faith on the part of the state in failing to preserve material evidence, defendants may nonetheless be entitled to an adverse-inference instruction, dismissal, or new trial if they can make a sufficient showing of substantial prejudice. These states take authority from Justice Stevens's concurring opinion in *Arizona v. Youngblood* wherein he wrote: "there may well be cases in which the defendant is unable to prove that the State acted in bad faith but in which the loss or destruction of evidence is nonetheless so critical to the defense as to make a criminal trial fundamentally unfair."

*Id.* (quoting *Youngblood,* 488 U.S. at 61, 109 S.Ct. 333 (Stevens, J. concurring)). Haibeck admits that the evidence destroyed here was only potentially useful. Further, Haibeck did not raise the issue of the North Dakota Constitution at trial, nor were the protections afforded by the North Dakota Constitution the basis of the trial court's decision. "[I]ssues not raised below, even constitutional issues, generally will not be addressed on appeal unless the alleged error rises to the level of obvious error under N.D.R.Crim.P. 52(b)." *State v. Parisien,* 2005 ND 152, ¶ 17, 703 N.W.2d 306.

■ [¶ 9] In addition, Haibeck only directs us to *Steffes* and to Article I, Section 12 of the North Dakota Constitution to support her contention that our constitution affords greater protection than does the federal constitution in this area. Haibeck does not address from where her contention arises that the North Dakota Constitution affords greater protection under these circumstances other than to simply cite Article I, Section 12. Haibeck points only to what other jurisdictions have done under their state constitutions. Our Court will not consider an argument that is not adequately articulated, supported, and briefed. *State v. Holzer,* 2003 ND 19, ¶ 15, 656 N.W.2d 686.

**B**

[¶ 10] Haibeck also encourages us to affirm on the basis of judicial economy. Haibeck cites to the trial court's statement that, without the destroyed evidence "as a matter of law, there simply is not going to be enough evidence to get the case to the jury." This was also error.

■ [¶ 11] After learning that the evidence had been destroyed, Haibeck moved for a judgment of acquittal. Under Rule 29(a), N.D.R.Crim.P., as it currently reads, a defendant may move for acquittal:

> After the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the

evidence is insufficient to sustain a conviction. If the court denies a motion for judgment of acquittal at the close of the prosecution's evidence, the defendant may offer evidence without having reserved the right to do so.

Rule 29(a) was amended effective March 1, 2006 in response to a revision of the Federal Rules of Criminal Procedure. N.D.R.Crim.P. 29(a), Explanatory Note. The revision did not change the substance of the rule but rather was intended to "make the rule more easily understood and to make style and terminology consistent throughout the rules." *Id.* The prior version read:

The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

N.D.R.Crim.P. 29(a) (2005). Under either version, the result is the same and the trial court was in error to grant the motion before the State had the opportunity to present its case.

[¶ 12] Even were we to read Haibeck's motion for acquittal as a pretrial motion under Rule 12(b), N.D.R.Crim.P., the trial court was in error. Under Rule 12(b)(2): "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." However:

The purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered. The court is obliged to confine itself to the face of the information. Further, for purposes of the motion, all well-pleaded facts are taken to be true.

*State v. Perreault,* 2002 ND 14, ¶ 7, 638 N.W.2d 541 (quoting *State v. Howe,* 247 N.W.2d 647, 652 (N.D.1976)). "[W]e have cautioned against converting a Rule 12 motion into a summary trial that would deprive the fact-finder of its exclusive function of determining factual questions." *State v. Davenport,* 536 N.W.2d 686, 689 (N.D.1995). "A pretrial motion to dismiss cannot be converted into a summary trial of evidence, thereby depriving the fact finder, whether jury or judge, of its exclusive function of determining factual questions which have a bearing on a defendant's guilt or innocence." *State v. Hammond,* 498 N.W.2d 126, 129 (N.D. 1993). Here, the trial court went beyond the face of the information and therefore a dismissal under Rule 12(b), N.D.R.Crim.P., would also have been error.

### III

[¶ 13] The trial court erred in dismissing the charges against Haibeck. We reverse and remand for trial.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.