2012 ND 103

**STATE of North Dakota, Statutory Real Party in Interest, Appellee**

**Ronald Parizek, Plaintiff and Appellant,**

v.

**Deborah PARIZEK n/k/a Deborah Henderson, Defendant.**

No. 20110329.

Supreme Court of North Dakota.

May 17, 2012.

Jamie L. Goulet (on brief), Special Assistant Attorney General, Minot, N.D., for appellee.

Ronald Parizek (on brief), Jamestown, N.D., self-represented.

SANDSTROM, Justice.

[¶ 1] Ronald Parizek appeals from a district court order affirming an administrative enforcement action placing a lien on his personal property held by the Department of Corrections and Rehabilitation. We affirm.

I

[¶ 2] On September 28, 2011, the State, through the High Intensity Enforcement Unit of Child Support Enforcement, placed a lien on any funds or accounts the Department was holding for Parizek to secure payment for Parizek's past due child support obligation. On October 19, 2011, Parizek requested judicial review of the lien, arguing the lien was improper because the Department was not a financial institution and therefore the property did not qualify for an account lien under N.D.C.C. § 35–34–05. He did not request a hearing. On October 24, 2011, the State responded, arguing the lien was placed on personal property under N.D.C.C. § 35–34–06 and was not an account lien. On October 26, 2011, the district court affirmed the administrative enforcement action, ruling the property was subject to a

child support lien because the lien was placed on personal property under N.D.C.C. § 35–34–06 and was not an account lien as Parizek claimed.

[¶ 3] On November 3, 2011, Parizek moved to dismiss the lien with prejudice, arguing the lien was improper because the Department was not a financial institution and an account lien could not be enforced against the accounts it managed, and his spending account did not qualify as personal property under N.D.C.C. § 35–34–06. Parizek requested a hearing on his motion. On November 7, 2011, the State responded to Parizek's motion. On November 15, 2011, Parizek filed a notice of appeal. On December 2, 2011, the district court entered an order denying Parizek's motion to dismiss.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 50–09–14(2). Parizek's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

■ [¶ 5] Parizek argues the Department and the State violated state law by entering into an agreement or relationship under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, with the sole purpose of enforcement of an administrative action upon him.

■ [¶ 6] In Parizek's motion for review of the lien, he argued the lien was improper and his property was not subject to an account lien under N.D.C.C. § 35–34–05 because the Department was not a financial institution as defined by N.D.C.C. § 50–09–01(6). In his brief on appeal, Parizek conceded the lien was a lien on personal property and was not an account lien. Parizek did not argue in the district court that the Department and the State entered into an illegal agreement or rela-

tionship. It is well-settled that this Court does not review issues that are raised for the first time on appeal:

> The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised ... in the district court cannot be raised for the first time on appeal.

*Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746 (quoting *Spratt v. MDU Res. Grp., Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328) (quotations and citations omitted). Because Parizek did not raise this issue before the district court, we will not consider this issue on appeal.

III

■ [¶ 7] Parizek argues he was entitled to a hearing on his motion for review under N.D.C.C. § 50–09–14(2) and the district court erred in affirming the State's administrative enforcement action without allowing a hearing.

■ [¶ 8] Section 50–09–14(2), N.D.C.C., provides for review of child support liens and states:

> Any person aggrieved by an action taken by the state agency or a child support agency under section 14–09–25, chapter 35–34, [chapter 50–09], or by the North Dakota lottery director under chapter 53–12.1 to establish or enforce a child

support order may seek review of the action in the court of this state which issued or considered the child support order. . . . Any review sought under this subsection must be commenced within thirty days after the date of action for which review is sought. A person who has a right of review under this subsection may not seek review of the actions in a proceeding under chapter 28–32.

Section 50–09–14(2), N.D.C.C., does not require the district court to hold a hearing in every case in which a party seeks review of an administrative action to enforce a child support order. Generally, when a party files a motion in district court, the party is required to request a hearing on the motion and comply with other procedural requirements or the motion will be decided on the briefs. *See* N.D.R.Ct. 3.2. Parizek did not request a hearing on his motion to have the lien reviewed. Furthermore, Parizek failed to cite any legal authority supporting his argument or provide substantive analysis of the issue. Issues that are not adequately articulated, supported, and briefed will not be considered on appeal. *See, e.g., Holden v. Holden,* 2007 ND 29, ¶ 7, 728 N.W.2d 312; *State v. Haibeck,* 2006 ND 100, ¶ 9, 714 N.W.2d 52. We conclude the district court did not err in affirming the administrative enforcement action without holding a hearing.

IV

[¶ 9] Parizek claims the district court erred in denying his motion to dismiss the lien without allowing him a hearing as he requested. He also contends the court erred when it failed to allow him 14 days from the service of the "notice of proposed order" before denying his motion to dismiss.

[¶ 10] Parizek filed his notice of appeal shortly after he moved to dismiss the lien. A district court generally loses jurisdiction when a notice of appeal is filed. *Investors Title Ins. Co. v. Herzig,* 2011 ND 7, ¶ 6, 793 N.W.2d 371. Because the district court did not have jurisdiction after the notice of appeal was filed, the court did not have jurisdiction to hold a hearing or to deny Parizek's motion to dismiss. *See Lynnes v. Lynnes,* 2008 ND 71, ¶ 11, 747 N.W.2d 93 (court did not have jurisdiction once notice of appeal was filed, and only the amended judgment would be considered on appeal because the second amended judgment was filed after the notice of appeal and there was no request to remand). The order denying Parizek's motion to dismiss was filed after the notice of appeal, and therefore it was not appealed and is not properly before this Court.

V

[¶ 11] We affirm.

[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.