FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 12, 2019
STATE OF NORTH DAKOTA

IN THE SUPREME COURT
FOR THE STATE OF NORTH DAKOTA

| | | |
|---|---|---|
| Northern States Power Company, a Minnesota corporation, by its Board of Directors, | ) ) ) | |
| | ) | Supreme Court No. 20190227 |
| Plaintiff and Appellee, | ) | |
| vs. | ) ) | |
| LaVerne Mikkelson a/k/a LaVerne C. Mikkelson Sr, Kandi Mikkelson a/k/a Kandi K. Mikkelson, | ) ) ) | Ward County District Court No. 51-2017-CV-00812 |
| Defendants and Appellants, | ) ) | |
| SRT Communications, Inc., A North Dakota cooperative association; Verendrye Electric Cooperative, Inc., a North Dakota cooperative association; Brett Livingston; Lisa Livingston; Jarrod Livingston; New Prairie Township; and Ward County, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

APPEAL FROM THE JUDGMENT ENTERED JANUARY 22, 2019 (DOCUMENT NO. 109), PURSUANT TO THE FINDINGS OF FACT, CONCLUSION OF LAW, AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT ENTERED JANUARY 16, 2019 (DOCUMENT NO. 107), AND THE ORDER DENYING DEFENDANTS' MOTION TO AMEND ORDER AND JUDGMENT ENTERED MAY 30, 2019 (DOCUMENT NO. 156)

THE HONORABLE DOUGLAS L. MATTSON, PRESIDING

## REPLY BRIEF OF APPELLANTS

Richard P. Olson (ID# 03183)
Jessica L. Merchant (ID #06169)
Ryan G. Quarne (ID# 07618)
OLSON & BURNS P.C.
17 First Avenue SE
Minot, ND 58702-1180
(701) 839-1740
rpolson@minotlaw.com
jmerchant@srt.com
rgquarne@minotlaw.com
Attorneys for Appellants LaVerne Mikkelson
and Kandi Mikkelson

1

**TABLE OF CONTENTS**

Paragraph No.

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      The District Court erred in granting summary judgment. . . . . . . . . . . . . . . . . . 3

        A.      The Mikkelsons presented evidence of a material dispute of fact.. . . . . . 4

        B.      Mr. Cymbaluk provided admissible evidence of damages . . . . . . . . . . . 15

II.     The District Court Erred in Denying the Mikkelsons' Motion to Amend. . . . . . 19

        A.      Mr. Mikkelson provided an admissible opinion regarding the impact of
                NSP's taking on the value of the Subject Property. . . . . . . . . . . . . . . . . 20

        B.      The Mikkelsons have provided a compelling argument in regards to the
                admissibility of compensation received by similarly-situated landowners 24

        C.      The Mikkelsons have provided a compelling argument in regards to the
                admissibility of offers that NSP made to the Mikkelsons. . . . . . . . . . . . 27

III.    NSP's interpretation of Lenertz v. City of Minot is incorrect. . . . . . . . . . . . . . . 29

IV.     Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

[¶1] **TABLE OF AUTHORITIES**

Paragraph No.

**Cases**

Burke v. State, 2012 ND 169, ¶ 10, 820 N.W.2d 349, 353. . . . . . . . . . . . . . . . . . . . . . . . 8

Dallis v. Aetna Life Ins. Co., 768 F.2d 1303, 1307 (11th Cir. 1985) . . . . . . . . . . . . . . . 28

Flaten v. Couture, 2018 ND 136, ¶28, 912 N.W.2d. . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Geck v. Wentz, 133 N.W.2d 849 (N.D. 1964).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 26

Jim's Hot Shot Serv. v. Cont'l W. Ins. Co., 353 N.W.2d 279, 282, 283 (N.D. 1984). 10, 21

Lenertz v. City of Minot, 2019, ND 53, - N.W.2d . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

State v. Goulet, 1999 ND 80, 10, 593 N.W.2d 345, 348 . . . . . . . . . . . . . . . . . . . . . . . . 13

State v. Haibeck, 2006 ND 100, 9, 714 N.W.2d 52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

State v. Noack, 2007 ND 82, 8, 732 N.W.2d 389, 392 .. . . . . . . . . . . . . . . . . . . . . . . . . 13

Walton v. McDonnell Douglas Corp., 167 F.3d 423, 428 (8th Cir. 1999). . . . . . . . . . . . 17

**Statutes**

N.D.C.C. 32-15-22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

**Rules**

N.D.R.Civ.P. 59(j). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

N.D.R. Evid.408.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

**Other Authority**

N.D. Const. Art. I, § 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

[¶2]                         **LEGAL ARGUMENT**

[¶3]    **I.    The District Court erred in granting summary judgment.**

[¶4]           **A.    The Mikkelsons presented evidence of a material dispute of fact.**

[¶5]    Everyone agrees the Mikkelsons are entitled to just compensation. This compensation should be determined by a jury. N.D. Const. Art. I, § 16; N.D.C.C. 32-15-22.

[¶6]    In depositions, LaVerne Mikkelson said he had an opinion of the impact of the easement on the market value of the Subject Property. Therefore, he is entitled under the North Dakota Constitution, and under N.D.C.C. 32-15-22.

[¶7]    At the District Court's hearing on the motion for summary judgment, Counsel for the Mikkelsons raised the exact relevant deposition testimony in which Mr. Mikkelson said the fair market value of the Subject Property would be reduced to zero, App. pg. 59, LaVerne Mikkelson Depo., 112:3 - 113:2. The Mikkelsons cited this passage in their appellate brief. Mikkelson App. Br. at ¶ 40.

[¶8]    Taking this passage in the light most favorable to the non-moving party, Mr. Mikkelson has an opinion on the value of the property after the taking by NSP. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true. Burke v. State, 2012 ND 169, ¶ 10, 820 N.W.2d 349, 353. Mr. Mikkelson should be able to present this information to a finder of fact.

[¶9]    NSP characterizes this argument as "limited" and "out-of context." These statements are conclusive on their own. Furthermore, Mr. Mikkelson later amended his statement with respect to the after-value of the property. App. pg. 59, LaVerne Mikkelson Depo., 112:3 - 113:2. Even if this testimony is inconsistent with other portions of Mr. Mikkelson's

4

testimony, that is a fact question. It is a question for a jury.

[¶10]   NSP's arguments regarding Mikkelson's brief in response to summary judgment are similarly unavailing. NSP points out that "[Mikkelson] stated on the record that he did not have an opinion as to the diminution of value." This is true. App. 46, 61:13-23.  However, he also said at a later point in his deposition that there would be no value on the portion taken by NSP. This is clearly an opinion on the diminution of value. This is consistent with Jim's Hot Shot Serv., Inc. v. Cont'l W. Ins. Co., 353 N.W.2d 279 (N.D. 1984). It is not an attempt to "attack the strawman".  Rather, it goes to the heart of a landowners' right to receive just compensation for property which is being *taken* from him. In Jim's Hot Shot, the property owner claimed he took a gross income of $450,000.00 and multiplied it by ten, to come up with the value of his property, and he did not provide a rational basis for this method of calculation. Id. at 283.  Mr. Mikkelson instead based his conclusion that there would be no value on this parcel due to the added cost each year to farm around the power lines.  App. pg. 59, LaVerne Mikkelson Depo., 112; 9-21. This, considered with his vast experience farming, buying, and selling land, is a sufficient rational basis to calculate a value.  Mr. Mikkelsons' lengthy experience as a farmer and landowner means that his opinion on the value of land is solid testimony, based on proper facts and analysis. Whatever else was stated at his deposition, this information is an opinion on valuation. It must be considered.

[¶11]   NSP argues that "at no point during oral argument did the Mikkelsons' counsel ever fully present lines 112:22-113:2 or argue why these particular statements purportedly demonstrated a genuine dispute regarding damages.  However, counsel for the Mikkelsons provided portions of the citation directly to the District Court. App. 98-99 8:15-10:9.

5

[¶12]   Ms. Merchant stated: "That supports our position in light of the fact that even though they indicate that NSP or that Mikkelsons would not be able to provide a diminution in value without labeling it as such Mr. Mikkelson has provided admissible, probative testimony that indicates that he feels that the diminution in value is 100 percent." Id. She continued that " Mr. Mikkelson has testified essentially through deposition testimony that he believes that the property has zero value. And so his before value for the purposes of agricultural land is $3,000. He believes that it's 100 percent diminution." Id.

[¶13]   This Court has stated that it is not a "ferret," because it has no obligation to make an "unassisted search" of the record. State v. Goulet, 1999 ND 80, 10, 593 N.W.2d 345, 348 Separately, this Court has stated that it will not "will not consider an argument that is not adequately articulated, supported, and briefed." State v. Noack, 2007 ND 82, 8, 732 N.W.2d 389, 392, citing State v. Haibeck, 2006 ND 100, 9, 714 N.W.2d 52. It means the Court does not have a duty to investigate arguments that are raised without evidentiary or legal support. It does not mean the Court may disregard any argument raised without a brief.

[¶14]   There was no "unassisted search" of the record here. The Mikkelsons brought to the Court's attention a statement that was already on the record, through the deposition transcript of LaVerne Mikkelson.  The argument was "adequately articulated, supported, and briefed" because the Mikkelsons pointed to statements on the record, and explained a coherent legal basis. Therefore, NSP's argument fails. As such, the Mikkelsons respectfully request that the Court overturn the District Court's ruling on the motion for summary judgment.

[¶15]         **B.      Mr. Cymbaluk provided admissible evidence of damages.**

[¶16]   The District Court also found that  Mr. Cymabaluk attested that he was only asked

6

to appraise the Subject Property before the taking. However, Cymbaluk's appraisal set forth a value of $2,500.00 per acre. App. pg. 71, Cymbaluk Appraisal.

[¶17]   At trial, NSP will have the chance to ask Cymbaluk about the basis of the Mikkelsons' conclusions, and about his own experience and qualifications, including his prior assessments of diminution in value. Similarly, Cymbaluk attested that he would provide rebuttal testimony as to NSP's expert report. Cymbaluk's expert disclosure was filed with the court. App. pg. 68-69, Disclosure of Expert Witness. NSP's expert has testified that the dimunition in value to the property underlying the proposed easement is 50%, so at the very least Cymbaluk's testimony would be relevant as to the before valuation. App. pg. 72-75, Bock Appraisal.   NSP has argued that a party must present affirmative evidence, not simply contend that a jury might disbelieve the moving party's evidence. Walton v. McDonnell Douglas Corp. 167 F.3d 423, 428 (8th Cir. 1999).  If nothing else, the Mikkelsons would have been within their rights to call Mr. Bock to testify in their own case in chief to show dimunition in value percentage, and then use Mr. Cymbaluk and Mr. Mikkelson's testimony to show the starting point should have been higher.

[¶18]   Cymbaluk's statements showed he could testify that there was a material dispute of fact regarding the diminution in value. Therefore,  District Court's Conclusions of Law were erroneous and should be overturned.

[¶19]   **II.      The District Court erred in denying the Mikkelsons' Motion to Amend.**

[¶20]          **A.      Mr. Mikkelson provided an admissible opinion regarding the impact of NSP's taking on the value of the Subject Property.**

[¶21]   An owner may testify as to the value of his property without qualification other than

7

the fact of ownership.  Jim's Hot Shot Serv. v. Cont'l W. Ins. Co., 353 N.W.2d 279, 282 (N.D. 1984).  A district court "may decline to consider an issue or argument raised for the first time on a motion for reconsideration [under N.D.R.Civ. P. 59(j)] if it could have been raised in earlier proceedings." Flaten v. Couture, 2018 ND 136, ¶28, 912 N.W.2d (alterations in original) (citations omitted).  Here, information provided in the Mikkelson's motion was based on deposition testimony that was submitted as a part of NSP's motion for summary judgment.  Even if this would be considered new information, there is nothing saying the District Court *could not* consider information that was  already on the record.  The District Court's order did not refuse to consider new information presented.  Instead, the order acknowledged Mr. Mikkelson's testimony that the property affected by the transmission line was devalued by 100%, but concluded that LaVerne Mikkelson only offered a subjective valuation of the property's value after installation of the new transmission line. App. pg. 88, ¶¶6-7.  However, his testimony was competent, admissible and not merely subjective- and as such should have created a dispute of material fact.  Therefore it was an abuse of discretion to conclude that summary judgment was appropriate.

[¶22]   When taken as a whole, the testimony shows that Mr. Mikkelson was competent to provide admissible evidence on the market valuation of the taking. See App. pg. 62, LaVerne Mikkelson Depo., 124:24 - 125:16 (noting the land has no value), App. pg. 62, LaVerne Mikkelson Depo., 125:25 - 126:7. (noting he not pay anything for land under the easement), and LaVerne Mikkelson Depo., App. pg. 62, 126:24-25-127:18 (explaining how he would use a before-and-after approach).

[¶23]   NSP cites to a portion of the deposition transcript acknowledging that Mr. Mikkelson

8

has bought tens of thousands of acres, where he then states that he would devalue land next to the easement property so he would not be paying anything for it. This testimony shows that he in fact had negotiations play out in that fashion. App. pg. 62 LaVerne Mikkelson Depo, 126:10-1:27:18. There is no guesswork to be done by the jury in this instance. Instead, the jury will either believe Mr. Mikkelson, or they will not. Based on this testimony, it would not be appropriate to grant summary judgment.

[¶24] **B. The Mikkelsons have provided a compelling argument in regards to the admissibility of compensation received by similarly-situated landowners.**

[¶25] NSP argued that this Court has recognized that evidence of unaccepted offers to landowners are generally inadmissible because they do not reflect the value ultimately agreed to by a buyer and seller. NSP looked for support under Geck v. Wentz, 133 N.W.2d 849 (N.D. 1964), but failed to note that Geck discusses unaccepted offers made by third parties, as opposed to offers being made from the condemning authority.

[¶26] In their prior briefing, the Mikkelsons showed how the Geck analysis weighs in favor of admissibility. In fact, these offers would be highly probative as to market value. In any event, resolution of the admissibility of these offers, both to the Mikkelsons as well as to other landowners, should more appropriately have been dealt with in a motion in limine, as opposed to being a part of the dispositive summary judgment motion.

[¶27] **C. The Mikkelsons have provided a compelling argument in regards to the admissibility of offers that NSP made to the Mikkelsons.**

[¶28] The prior offers to the Mikkelsons, Saugstad, and Smith are admissible, simply because they were made by NSP. Past offers made by NSP are not excluded by Rule 408, because "for Rule 408 to apply, there must be an actual dispute, or at least an apparent

difference of opinion between the parties, as to the validity of a claim." <u>Dallis v. Aetna Life</u> <u>Ins. Co.</u>, 768 F.2d 1303, 1307 (11th Cir. 1985), <u>citing</u> 2 J. Weinstein & M. Berger, Weinstein's Evidence para. 408[01] (1982). Here, NSP's other offers were made into regards to admitted, undisputed claims. Further, there was no dispute as to the $10,000.00 offered to Mr. Mikkelson, other than the fact that NSP then attempted to only pay eighty percent of the value. Therefore, they are not excluded by Rule 408.

[¶29] **III.     NSP's interpretation of <u>Lenertz v. City of Minot</u> is incorrect.**

[¶30] NSP argues that <u>Lenertz v. City of Minot</u>, 2019, ND 53, - N.W.2d supports its position. However, <u>Lenertz</u> is distinguishable. In <u>Lenertz</u>, the landowner was advancing a legal argument that the entirety of his property had a zero value subsequent to a partial taking. Here, Mr. Mikkelson testified that he would spread the loss in value to the whole parcel, not that the entire parcel of had zero value. The <u>Lenertz</u> court reasoned that any discount in a potential sale would be the diminution in value. <u>Id</u>. ¶4. Here, Mr. Mikkelson's testimony is that the entire parcel would be discounted for the actual easement acreage, spread across the parcel. The value of his property not taken directly by the power line would be reduced overall because the value *under* the power line was zero. Therefore, NSP's argument is not compelling.

[¶31]                              **IV.  CONCLUSION**

[¶32] It is inappropriate to grant summary judgment on the issue of damages in an eminent domain case. If nothing else, the Mikkelsons should be able to testify to the value of their property before the taking and after the taking. For that reason, the District Court erred in granting summary judgment, and abused its discretion in declining to amend its prior

10

judgment. The Mikkelsons request this Court overturn the District Court's summary judgment order and order denying the Mikkelsons' Motion to Amend.

[¶33]   Dated this 12th day of December, 2019.

OLSON & BURNS P.C.

/s/ Jessica L. Merchant
Richard P. Olson (ID# 03183)
Jessica L. Merchant (ID #06169)
Ryan G. Quarne (ID# 07618)
OLSON & BURNS P.C.
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rpolson@minotlaw.com
jmerchant@srt.com
rgquarne@minotlaw.com

Attorneys for Appellants LaVerne Mikkelson and
Kandi Mikkelson

[¶36]                    **CERTIFICATE OF SERVICE**

I, Jessica L. Merchant, attorney for Appellants do hereby certify that on the 12th day of December, 2019, a copy of the REPLY BRIEF OF APPELLANTS was served on the following by electronic mail transmission, per N.D. Sup.Ct. Admin. Order 14(D):

Mr. Patrick D. J. Mahlberg                    Attorney for Northern States Power
Fredrikson & Byron, P.A.                      Company
200 South Sixth Street, Suite 4000            Defendants and Appellees
Minneapolis, MN 55402-1425

PMahlberg@fredlaw.com


Dated this 12th day of December, 2019.


                         OLSON & BURNS P.C.


                         /s/ Jessica L. Merchant
                         Richard P. Olson (ID# 03183)
                         Jessica L. Merchant (ID #06169)
                         Ryan G. Quarne (ID# 07618)
                         OLSON & BURNS P.C.
                         17 First Avenue SE
                         P.O. Box 1180
                         Minot, ND 58702-1180
                         (701) 839-1740
                         rpolson@minotlaw.com
                         jmerchant@srt.com
                         rgquarne@minotlaw.com

                    ATTORNEYS FOR APPELLANTS LAVERNE
                    MIKKELSON AND KANDI MIKKELSON


                              12

[¶37] **CERTIFICATE OF COMPLIANCE**

I, Jessica L. Merchant, attorney for the Appellants LaVerne Mikkelson and Kandi

Mikkelson, do hereby certify that the above brief complies with all type-volume

limitations as set forth in the North Dakota Rules of Appellate Procedure.

I further certify that the attached Reply Brief of Appellants complies with

N.D.R.App.P. 32 in that the brief does not exceed the reply brief limitation of 12 pages,

and was prepared using WordPerfect 10.0, Times New Roman font, size 12.

Dated this 12th day of December, 2019.

OLSON & BURNS P.C.

　/s/ Jessica L. Merchant
Richard P. Olson (ID# 03183)
Jessica L. Merchant (ID #06169)
Ryan G. Quarne (ID# 07618)
OLSON & BURNS P.C.
17 First Avenue SE
P.O. Box 1180
Minot, ND 58702-1180
(701) 839-1740
rpolson@minotlaw.com
jmerchant@srt.com
rgquarne@minotlaw.com

ATTORNEYS FOR APPELLANTS LAVERNE
MIKKELSON AND KANDI MIKKELSON