2007 ND 82

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ian August NOACK, Defendant and Appellant.**

**No. 20060237.**

Supreme Court of North Dakota.

June 7, 2007.

M. Jason McCarthy (on brief), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Ian August Noack (argued), pro se, Grand Forks, ND, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Ian Noack appeals from a judgment of conviction for illegally possessing a big game animal under N.D.C.C. § 20.1–05–02. We conclude Noack failed to present any issues for our review. We dismiss the appeal.

I

[¶ 2] Although Noack failed to provide a statement of the facts, our search of the record reveals this action began when a game warden for the North Dakota Game and Fish Department received a tip concerning a suspicious photo on a local hunting and fishing website. The game warden viewed the website, which depicted a man posing next to an antlered whitetail deer. Below the photograph, the caption read: "Another nice ND Eastern Buck Shot Nov. 17 not far from Larimore. Photo Submitted By: tlasca." The game warden recognized Noack as the man in the photograph. The game warden had prior knowledge that Noack was issued three deer tags in 2005 and that Noack had been cited in the past for game and fish violations. In 2005, Noack was issued one tag for an antlered deer to be harvested in the

early deer season—November 4 to November 10—and two tags for antlerless deer. The game warden noted that the caption below the photograph indicated the deer was taken out of season for Noack's antlered deer tag. The game warden observed the deer's eyes appeared to be reflecting the camera flash. According to the warden, reflection from a deer's eyes is only observable for a short time after the deer is harvested. Based on the warden's training and experience, the warden concluded he had enough suspicion to apply for a search warrant and to further investigate Noack. The district court granted the warden's request, issuing a search warrant for Noack's residence, garage, and outbuildings.

[¶ 3] On November 23, 2005, law enforcement executed the search warrant. When Noack answered the door, Noack explained he had been expecting a visit from the officers and that the caption on the website was incorrect. Noack asserted the antlered deer had been taken during the early season. When asked if he still had the animal carcass and head, Noack replied "No." Noack changed his answer when the officers produced the search warrant. In the garage, officers found an antlered deer carcass, appearing to be the same animal from the photograph, with an antlerless deer tag affixed to its antlers.

[¶ 4] At trial, Noack explained he tagged the deer with the proper tag after he shot it, but removed the tag so he could "do a European mount of it." A European mount is a type of taxidermic process where the head of the animal is boiled in water to remove the animal's flesh from its bone. After the process, all that remains

is "the skull . . . and the antlers." Noack claimed he had to remove the proper tag from the deer's antlers so it would not become damaged due to the boiling water and steam. Noack testified a friend had heard about Noack's buck, so he came over to Noack's home to see it. Noack said his friend wanted to take Noack's picture with the animal, but Noack had already removed the deer tag to begin the taxidermic process. Noack testified he mistakenly affixed an antlerless deer tag for purposes of taking the photograph.

[¶ 5] On August 25, 2006, the district court held a bench trial. The court, noting Noack was charged with a strict liability offense, found the State met its burden of proving Noack possessed the improperly tagged deer and convicted him of the illegal possession of a big game animal under N.D.C.C. § 20.1–05–02, a class A misdemeanor.[1]

## II

[¶ 6] Noack filed a one-page, double-spaced brief, which did not include a statement of the issues or a statement of the facts, and it did not clearly articulate his argument. To the extent Noack asserted some facts, he appears to be arguing the district court erred because the law "says that the tag may be removed if the animal is to be mounted. It does not say it has to be immediately placed on the back of the mount." The State argues Noack's argument is irrelevant because the illegal possession of a big game animal is a strict liability offense.

## III

[¶ 7] Noack's brief fails in nearly every conceivable way to comply with our

---

1. The court originally convicted Noack of a class B misdemeanor under N.D.C.C. § 20.1–05–02. Illegal possession of a big game animal under N.D.C.C. § 20.1–05–02, however, is a class A misdemeanor. *See* N.D.C.C. § 20.1–05–01. The court amended its judgment to reflect the proper gradation of the offense on September 29, 2006.

rules of appellate procedure. Rule 28(b), N.D.R.App.P., governs the content and format of appellant's briefs. Rule 28(b) provides:

(b) Appellant's Brief. The appellant's brief *must contain,* under appropriate headings and in the order indicated:

(1) a table of contents, with page references;

(2) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the pages of the brief where they are cited;

(3) in an application for the exercise of original jurisdiction, a concise statement of the grounds on which the jurisdiction of the supreme court is invoked, including citations of authorities;

(4) *a statement of the issues* presented for review;

(5) a statement of the case briefly indicating the nature of the case, the course of the proceedings, and the disposition below;

(6) *a statement of the facts* relevant to the issues submitted for review, which identifies facts in dispute and includes appropriate references to the record (see Rule 28(f));

(7) *the argument, which must contain:*

(A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) a short conclusion stating the precise relief sought.

N.D.R.App.P. 28(b) (emphasis added).

[¶ 8] This Court has held "[a] pro se litigant is not granted leniency solely because of his status as such." *State v. Hilgers,* 2004 ND 160, ¶ 19, 685 N.W.2d 109; *accord Klose v. State,* 2005 ND 192, ¶ 13, 705 N.W.2d 809 (concluding an appellant was not entitled to leniency due to his pro se status); *Flattum–Riemers v. Flattum–Riemers,* 2003 ND 70, ¶ 8, 660 N.W.2d 558 (same). We have stated we are not ferrets and we "will not consider an argument that is not adequately articulated, supported, and briefed." *E.g., State v. Haibeck,* 2006 ND 100, ¶ 9, 714 N.W.2d 52. We will not engage in unassisted searches of the record for evidence to support a litigant's position. *State v. Goulet,* 1999 ND 80, ¶ 10, 593 N.W.2d 345. Judges are not "expected to be psychics, with the ability to divine a party's true intentions.... The parties have the primary duty to bring to the court's attention the proper rules of law applicable to a case." *Id.* In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court stated: "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Id.* at 834 n. 46.

[¶ 9] We acknowledge Noack proceeded in this appeal as a pro se litigant. We also acknowledge some courts have relaxed certain "form and content" procedural rules to accommodate pro se litigants. *See, e.g., Houston v. Lack,* 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding some procedural rules must give way for pro se prisoners because of the unique circumstances of incarceration); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d

652 (1972) (per curiam) (noting the court applies less stringent standards to pro se parties); *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir.1995) (same). Despite our previous rhetoric, strict adherence to the details of the rules of appellate procedure may not be possible for self-represented litigants based upon their lack of experience and education regarding the legal process. Nevertheless, pro se litigants, if they wish this Court to review the decision of the trial court, must reasonably comply with our appellate rules. Of the requirements imposed by N.D.R.App.P. 28, three are absolutely imperative for our review. At a minimum, a brief must contain a statement of the issues presented for review; a statement of the facts and, where those facts are disputed, references to the evidentiary record supporting the appellant's statement of the facts; and the appellant's legal argument, including the authorities on which the appellant relies. Without these essential elements included in the appellant's brief, we decline to address the alleged errors because the case is not properly before us.

### IV

[¶ 10]  We conclude Noack's appellate brief fails to provide us with the opportunity to meaningfully review his alleged errors. We exercise our authority under N.D.R.App.P. 3(a)(2) to dismiss the appeal.

[¶ 11] MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

GERALD W. VANDEWALLE, C.J., I concur in the result.