2014 ND 18

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joshua Troy COOK, Defendant and Appellant.**

**No. 20130277.**

Supreme Court of North Dakota.

Feb. 10, 2014.

Kara Schmitz Olson, Assistant State's Attorney, and Andria Pinkerton, under the Rule on Limited Practice of Law by Law Students, Courthouse, Fargo, ND, for plaintiff and appellee; on brief.

Jesse D. Matson, Fargo, ND, for defendant and appellant; on brief.

KAPSNER, Justice.

[¶ 1] Joshua Troy Cook appeals a criminal judgment entered after he conditionally pled guilty to four drug-related charges and after a jury found him guilty of reckless endangerment. Because Cook failed to comply with the North Dakota Rules of Appellate Procedure, we dismiss the appeal.

I[1]

[¶ 2] Cook was charged with possession of diazepam with intent to deliver or manufacture (Count 1), possession of clonazepam (Count 2), possession of methamphetamine (Count 3), possession of drug paraphernalia (Count 4), and reckless endangerment (Count 5), following a search of a vehicle. Cook moved to suppress the evidence obtained from the search of the vehicle. After a suppression hearing, the district court denied Cook's motion to suppress. Cook conditionally pled guilty to Counts 1–4 and had a jury trial on Count 5. The jury found Cook guilty of Count 5.

II

[¶ 3] On appeal, Cook argues the district court erred in denying his motion to suppress. In its order denying Cook's suppression motion, the district court indi-

---

1. It is impossible for this Court to set forth a statement of the facts of this case, due to the lack of transcripts. Although Cook sets forth facts in his appellate brief to support his appeal, he has not referenced any point in the record where the evidence was identified, offered, and received or rejected, as is required under N.D.R.App.P. 28(f).

cated that denial was based on "the reasons as more fully set forth on the record." Cook also argues that his conviction of reckless endangerment was improper. His argument, in its entirety, is:

23. II. Whether Defendant committed reckless endangerment where no risk of bodily injury or death occurred.

24. North Dakota Century Code § 12.1–17–03 requires that the Defendant create a substantial risk of serious bodily injury or death to another.

25. Officer Heidbreder was in no risk of serious bodily injury or death. The vehicles turning radius simply could not strike him with the rear tires in the position he was in. No potential for harm existed.

26. Additionally, Defendant did not create the risk. Officer Heidbreder's approach of a moving vehicle and/or his subsequent fall created what the State referred to as his risk.

Cook does not specify whether this is a challenge to the sufficiency or the weight of the evidence. He indicates that he made a motion for "[d]ismissal notwithstanding the jury verdict," but without transcripts, this motion is not documented in the record before this Court.

■ [¶ 4] The State argues that this Court should dismiss Cook's appeal because Cook has not provided transcripts of the suppression hearing or the trial. Under N.D.R.App.P. 10(b), "If an appeal is taken in a case in which an evidentiary hearing was held, the appellant must order a transcript of the proceedings ... [and] the order for a transcript ... must be filed with the clerk of district court with the notice of appeal." This Court has said repeatedly: "The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we

will decline review of the issue." *City of Fargo v. Bommersbach*, 511 N.W.2d 563, 566 (N.D.1994) (internal quotation marks omitted) (quoting *Sabot v. Fargo Women's Health Organization*, 500 N.W.2d 889, 892 (N.D.1993)).

[¶ 5] In *State v. Noack*, 2007 ND 82, ¶ 6, 732 N.W.2d 389, this Court considered an appellate brief by a self-represented defendant which did not include a statement of the issues or a statement of the facts and did not clearly articulate the appellant's argument. We held that, although the appellant in that case was a self-represented litigant, a reasonable compliance with the appellate rules was required in order for this Court to review a district court decision. *Id.* at ¶ 9. Because the appellant's brief failed to comply with the rules of appellate procedure, we determined that meaningful review of his issues was impossible and we exercised our authority under N.D.R.App.P. 3(a)(2) to dismiss the appeal. *Id.* at ¶ 10.

[¶ 6] Although represented by counsel, Cook has not even met the standard of compliance with the rules imposed on self-represented litigants. Cook brought two evidentiary issues before this Court on appeal, but has done so with a total disregard of the rules of appellate procedure and under circumstances making meaningful review of his issues impossible. Cook filed his notice of appeal with the district court on September 9, 2013. Under N.D.R.App.P. 10(b), Cook was required to file his order for transcripts with the clerk of district court when he filed his notice of appeal. Cook did not file an order for transcripts at that time. On September 11, 2013, the Deputy Clerk of this Court notified Cook's attorney that the court file did not indicate whether Cook filed an order for transcript with his notice of appeal, as is required by the rules of appellate procedure. The State noted the lack

of transcripts in its brief filed December 16, 2013. Oral argument was scheduled in this matter for January 21, 2014. On January 15, 2014, six days before oral argument and more than four months after filing his notice of appeal, Cook filed an order for transcript with the district court. The order for transcript is beyond the time contemplated by the rules of appellate procedure, and Cook has neither sought an extension nor shown good cause to grant an extension. *See* N.D.R.App.P. 10(d)(2) (district courts may not extend the time for completion of transcripts beyond 90 days from the date the first notice of appeal was filed; supreme court may extend the time limit upon motion and for good cause). On January 21, 2014, Cook's attorney advised this Court that he would not be available for the oral argument scheduled for that afternoon. Cook's failure to order transcripts as set forth under the North Dakota Rules of Appellate Procedure precludes meaningful review of his issues on appeal. We therefore decline to review them.

### III

[¶ 7] We exercise our authority under N.D.R.App.P. 3(a)(2) to dismiss the appeal.

[¶ 8] GERALD W. VANDE WALLE, C.J., BENNY A. GRAFF, S.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, JJ., concur.

[¶ 9] The Honorable BENNY A. GRAFF, S.J., sitting in place of McEVERS, J., disqualified.