2014 ND 136

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Joshua Troy COOK, Defendant and Appellant.**

**No. 20140040.**

Supreme Court of North Dakota.

June 27, 2014.

Kara Schmitz Olson, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Jesse D. Matson, Fargo, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Joshua Troy Cook appeals from a conviction entered upon a conditional guilty plea to six counts of possession of drugs and one count of possession of drug paraphernalia after the district court denied his motion to suppress evidence obtained during his arrest. We dismiss Cook's appeal because he failed to comply with the North Dakota Rules of Appellate Procedure.

## I

[¶ 2] A warrant for arrest for failure to make a court appearance was issued for Cook, who was on the run for over three months. On June 28, 2013, law enforcement received confirmation that Cook was at a motel in Fargo. Law enforcement obtained the master key and entered Cook's room without knocking and announcing their presence. Cook was arrested. Law enforcement saw drugs and paraphernalia in plain view while in the

room. Cook was charged with possession of. methamphetamine, possession of clonazepam, possession of alprazolam, possession of oxycodone, possession of hydrocodone combination product, possession of drug paraphernalia and possession of marijuana.

[¶ 3] After a hearing, the district court denied Cook's motion to suppress. The district court concluded law enforcement's decision not to knock and announce was reasonable because Cook had several outstanding felony arrest warrants, Cook had been on the run for over three months and law enforcement knew Cook previously attempted to drive over a police officer while trying to escape. Cook conditionally pled guilty to all counts, reserving the right to appeal the district court order denying his motion to suppress. Cook appealed.

## II

[¶ 4] Cook argues the evidence obtained during his arrest should be suppressed because law enforcement did not knock and announce their presence before entering the motel room to execute the arrest warrant. The State argues Cook's appeal should be dismissed because Cook did not provide a transcript of the suppression hearing.

[¶ 5] This Court recently dismissed a similar case involving Cook in which he appealed a separate motion to suppress after a vehicle search. *State v. Cook*, 2014 ND 18, 843 N.W.2d 1. We dismissed that appeal because he did not file an order for transcript, as required by N.D.R.App.P. 10(b). *Cook*, at ¶¶ 6, 7. In that case, just six days before oral argument, and more than four months after filing his notice of appeal, Cook filed an order for transcript with the district court. *Id.* at ¶ 6. This Court determined Cook's failure to timely order a transcript precluded a meaningful

review of his issues on appeal. *Id.* We stressed that:

> " 'If an appeal is taken in a case in which an evidentiary hearing was held, the appellant must order a transcript of the proceedings ... [and] the order for a transcript ... must be filed with the clerk of district court with the notice of appeal.' This Court has said repeatedly: 'The appellant assumes the consequences and the risk for the failure to file a complete transcript. If the record on appeal does not allow for a meaningful and intelligent review of alleged error, we will decline review of the issue.' "

*Id.* at ¶ 4 (citations omitted).

[¶ 6] Here, Cook filed his notice of appeal on February 3, 2014, and failed to file an order for transcript until March 19, 2014. Cook disregarded the requirement that an order for transcript must be filed with the clerk of the district court when a notice of appeal is filed. N.D.R.App.P. 10(b)(1)(E). Further, the previous *Cook* opinion was filed on February 10, 2014, stressing the importance of filing an order for transcript with the notice of appeal, yet here Cook waited more than one month after that opinion was filed before filing an order for transcript. Cook failed to make payment for the transcript as required under Rule 10(c)(3), N.D.R.App.P., resulting in suspension of preparation of the transcript. Cook did not request an extension or show good cause to grant an extension under Rule 10(d)(2), N.D.R.App.P. We therefore are left without a transcript to review the basis for the district court's ruling. We decline to review Cook's issue on appeal because he disregarded the North Dakota Rules of Appellate Procedure.

## III

[¶ 7] Cook's failure to timely file an order for transcript, to request a filing

extension and to communicate with the Court concerning the fees associated with transcript preparation precludes meaningful review of his appeal. We therefore decline to review his appeal. We exercise our authority under Rule 3(a)(2), N.D.R.App.P., and dismiss the appeal.

[¶ 8] GERALD W. VANDE WALLE, C.J., BENNY A. GRAFF, S.J., DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 9] The Honorable BENNY A. GRAFF, S.J., sitting in place of McEVERS, J., disqualified.