2016 ND 99

**Peter John GRZESKOWIAK, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20150325.**

Supreme Court of North Dakota.

May 26, 2016.

Rehearing Denied June 30, 2016.

Peter J. Grzeskowiak, Minto, N.D., petitioner and appellant; on brief.

Barbara L. Whelan, State's Attorney, Grafton, for respondent and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1]   Peter Grzeskowiak appeals from an order summarily denying his application for post-conviction relief. We conclude Grzeskowiak's appellate brief fails to comply with the rules of appellate procedure, and we affirm the order.

I

[¶ 2]   In   2013,   Grzeskowiak   was charged with physical obstruction of a government function and two counts of mistreating animals after investigation of a man being attacked by dogs on a rural road near Grzeskowiak's farm. In October 2013, Grzeskowiak, with court-appointed counsel, pled guilty to one count of mistreating animals and the other two charges against him were dismissed. We summarily affirmed Grzeskowiak's appeal from the denial of his motion for an extension of time to file an appeal from the criminal judgment. *State v. Grzeskowiak*, 2014 ND 177, 859 N.W.2d 929.

[¶ 3]   In 2015, Grzeskowiak filed a self-represented application for post-conviction relief, generally alleging he had been denied his natural right of liberty and due process by fraud, sham proceedings, false charges, wanton disregard for the truth in issuing a broad warrant, denial of bail, false transcripts, and denial of the right to counsel. Grzeskowiak's request for court-appointed counsel was denied with a statement that he failed to submit proof of his earning ability and that his request for counsel would be reconsidered if he submitted proof within five days.

[¶ 4]   The district court thereafter summarily denied Grzeskowiak's application for post-conviction relief, stating it did not specify the criminal charge and sentence from which relief was sought, did not set forth a concise statement of each ground for relief, and did not specify the relief requested. The court explained Grzeskowiak failed to substantively state a claim for which relief could be granted and his application was meritless on its face.

II

[¶ 5]   Grzeskowiak's appellate brief lists the following "statement of issues":

1   May a dirty judge preside after 15 + years of judicial terrorism

2   Jurisdiction defects in a perjured search warrant affidavit

3   Jurisdiction bar by denial of counsel

4   My post conviction petition addressing jurisdiction was DENIED in violation of Rule 8(a) jurisdiction and 8(f) petitions liberally construed

5   IF No finding of probable cause of Rule 5 VOIDS proceedings

6   Was the search warrant properly executed

1   I was not allowed to read the search warrant as deputy katie kept *SCREAMING*

2   there were no pictures as stated A–F

7   The transcripts are falsified, the plea I entered was; guilty by alford plea *WITHOUT my Free Will.*

8   Complaint based on Perjury

9   A DENIAL of the Right to be Heard in jail per Writ, nor by gorman to falsified transcripts while being DE-NIED Counsel by clerk Tami Mecham

[¶ 6]   The State argues Grzeskowiak's appellate brief fails to comply with the rules of appellate procedure requiring a statement of issues, statement of facts, and legal argument. The State contends those deficiencies warrant dismissal of his appeal.

[¶ 7]   We have recognized " '[a] pro se litigant is not granted leniency solely because of his status as such.' " *State v. Noack,* 2007 ND 82, ¶ 8, 732 N.W.2d 389 (quoting *State v. Hilgers,* 2004 ND 160, ¶ 19, 685 N.W.2d 109). In *Noack,* at ¶ 9, we considered a claim about the requirements for an appellate brief and explained:

Despite our previous rhetoric, strict adherence to the details of the rules of appellate procedure may not be possible for self-represented litigants based upon their lack of experience and education regarding the legal process. Nevertheless, pro se litigants, if they wish this Court to review the decision of the trial court, must reasonably comply with our appellate rules. Of the requirements imposed by N.D.R.App.P. 28, three are absolutely imperative for our review. At a minimum, a brief must contain a statement of the issues presented for review; a statement of the facts and, where those facts are disputed, references to the evidentiary record support-ing the appellant's statement of the facts; and the appellant's legal argu-ment, including the authorities on which the appellant relies. Without these es-sential elements included in the appel-lant's brief, we decline to address the alleged errors because the case is not properly before us.

[¶ 8]   Grzeskowiak's appellate brief con-tains a list of issues that have little rele-vance to the scope of review of the denial of his application for post-conviction relief. His statement of facts does not include references to the evidentiary record result-ing in his guilty plea, or the denial of his application for post-conviction relief. His legal argument does not coherently raise issues with appropriate citation to authori-ty within the context of the denial of his application for post-conviction relief. Grzeskowiak's appellate brief fails to rea-sonably comply with basic and essential requirements for an appellate brief and those deficiencies do not provide this Court with an opportunity for meaningful appellate review of his alleged errors.

[¶ 9]   In *Noack,* 2007 ND 82, ¶ 10, 732 N.W.2d 389, we exercised our discretion and dismissed an appeal under N.D.R.App.P. 3(a)(2) for similar viola-tions. *See also State v. Cook,* 2014 ND 18, ¶¶ 6–7, 843 N.W.2d 1 (dismissing ap-peal under N.D.R.App.P. 3(a)(2) for fail-ure to provide transcripts). Rule 3(a)(2), N.D.R.App.P., authorizes this Court to "act as it considers appropriate" when an appellant files a timely notice of appeal but fails to take other appropriate steps to comply with the rules of appellate pro-cedure. As in *Noack,* Grzeskowiak's self-represented appellate brief fails to rea-sonably comply with the appellate rules. Grzeskowiak's non-compliance precludes meaningful appellate review of his alleged errors. Moreover, measuring reasonable compliance with the rules of appellate

procedure for briefs also perpetuates some uncertainty for this Court's evaluation of cases involving similar claims, including determinations involving dismissal before argument is scheduled. Accordingly, we conclude the appropriate remedy for the failure to comply with the rules of appellate procedure for briefs under N.D.R.App.P. 3(a)(2) is to affirm the district court order.

### III

[¶ 10]   We affirm the district court order.

[¶ 11]   GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 12]   I agree with the majority opinion that Grzeskowiak's appellate brief "fails to reasonably comply with the appellate rules" and that the appropriate remedy for failure to comply with the appellate rules for briefs is to affirm the district court's order. However, to the extent that our disposition may appear to be based solely on form rather than substance, I write separately to note that I also agree with the district court that Grzeskowiak failed to state a claim for which relief could be granted and his application for post-conviction relief is meritless on its face.

[¶ 13]   GERALD W. VANDE WALLE, C.J.