# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 20

Irene Avila, 

Plaintiff and Appellee

v.

Maria G. Weaver, a.k.a. Maria G. Berlin,
and William G. Berlin, 

Defendants and Appellants

No. 20180111

Appeal from the District Court of Richland County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Jonathan L. Green, Wahpeton, ND, for plaintiff and appellee.

Erica L. Chisholm, Wahpeton, ND, for defendants and appellants.

**Avila v. Weaver**

**No. 20180111**

**Jensen, Justice.**

[¶1]    William Berlin and Maria Berlin (formerly Maria Weaver) ("the Berlins") appeal from an amended judgment awarding attorney fees following resolution of litigation between the parties over a contract for deed.  The Berlins argue that the district court's initial denial of an award of attorney fees to either party precludes a subsequent motion for the recovery of attorney fees under N.D.R.Civ.P. 54.  We affirm the amended judgment.

I.

[¶2]    Irene Avila and the Berlins were involved in a dispute regarding a contract for deed.  The district court ruled in favor of Avila and on September 29, 2017, entered a judgment in the amount of $6,650, plus costs in the amount of $660.64, against the Berlins.  The judgment provided that neither Avila nor the Berlins were awarded a recovery of their attorney fees.  The underlying litigation over the contract for deed has not been appealed by either party.

[¶3]    Following the entry of the judgment, Avila filed a motion requesting a recovery of $13,450 of attorney fees and to amend the judgment in order to reflect the correct description of the property.  The district court granted Avila's request for attorney fees, but reduced the amount to be recovered to $12,450.  A notice of the order granting the attorney fee award was served upon the Berlins' counsel on November 30, 2017.  An amended judgment and a monetary award judgment were entered  January 30, 2018.  The Berlins' notice of appeal contesting the attorney fee award was filed  March 19, 2018.

II.

[¶4]    Avila challenges the timeliness of the Berlins' appeal.  Avila contends the timeliness of the appeal should be measured from November 30, 2017, the date the notice of entry of the order awarding attorney fees was served to the Berlins' attorney.

1

Measuring the timeliness of the appeal from the date that notice of the order was served would result in the 60-day window for appeal closing on January 29, 2018, making the Berlins' appeal untimely.

[¶5]    The relevant portions of N.D.R.App.P. 4 read as follows:

> (a) Appeal in Civil Case.
> (1) Time For Filing Notice of Appeal. In a civil case, except as provided in paragraph (a)(4), the notice of appeal required by Rule 3 must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed.
> . . . .
> (3) Effect of Motion on Notice of Appeal.
> (A) If a party files with the clerk of district court any of the following motions under the North Dakota Rules of Civil Procedure, however titled, and does so within the time allowed by those rules, the full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion:
> > (i) for judgment under Rule 50(b);
> > (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> > (iii) for attorney's fees under Rule 54;
> > (iv) to alter or amend the judgment under Rule 59;
> > (v) for a new trial under Rule 59; or
> > (vi) for relief under Rule 60 if the motion is served and filed no later than 28 days after notice of entry of judgment;
> . . . .

[¶6]    The order granting Avila's request for attorney fees and ordering the entry of the amended judgment was noticed and entered on November 30, 2017. The amended judgment was entered January 30, 2018. The Berlins' notice of appeal was filed on March 19, 2017, within 60 days from the amended judgment, but more than 60 days from the entry of the order for the amended judgment.

[¶7]    Rule 4(a)(1), N.D.R.App.P. and N.D.R.App.P. 4(a)(3), must be read together. Subsection (a)(3) pertains to post-judgment motions which may or may not require the entry of a subsequent amended judgment. A reasonable interpretation of the two subsections, read together, is that if the post trial motion does not require the amendment of the judgment, subsection (a)(3) applies and the time for appeal begins upon service of the notice of the order disposing of the motion. However, where the

2

order disposing of the motion necessitates the entry of an amended judgment, subsection (a)(1) applies and the time for appeal begins upon the service of the notice of the entry of the amended judgment. As such, the Berlins' notice of appeal from the amended judgment filed on March 19, 2018, was within 60 days from the notice of the entry of the amended judgment and was timely.

### III.

[¶8] The initial judgment included the following statement: "No attorney fees shall be awarded to either party." The same language also appears in the district court's findings of fact, conclusions of law, and order for judgment along with recognition that Avila was the prevailing party, that the contract for deed allows for attorney fees to be awarded to the prevailing party, but that the court did not have a formula to determine an appropriate award of attorney fees. The Berlins argue that because the district court determined that neither party was entitled to attorney fees in the original judgment, Avila was precluded from filing the subsequent N.D.R.Civ.P. 54(e) motion requesting a recovery of attorney fees.

[¶9] The Berlins rely on the following language of N.D.R.Civ.P. 54(e)(3): "A claim for attorneys' fees and related nontaxable expenses <u>not determined</u> by the judgment must be made by motion." (Emphasis added). The Berlins argue the original judgment included a determination of attorney fees by stating that neither party was to be awarded attorney fees.

[¶10] In the district court's order granting Avila's request for attorney fees, the court noted it had not initially awarded attorney fees because no evidence of attorney fees had been received during the trial. In its post-trial order, the district court noted it could have used more accurate language in the original judgment to communicate that no decision had been made regarding attorney fees, but nonetheless, "no decision on attorney fees had been made and the matter had not been foreclosed by the court." The court did not err in its conclusion that it had not previously made a determination regarding the award of attorney fees and did not misapply N.D.R.Civ.P. 54 by considering Avila's post-trial request for attorney fees.

3

IV.

[¶11]   The Berlins also argue the district court's attorney fee award is unreasonable. The Berlins response to Avila's motion for attorney fees in the district court was limited to challenging the application of N.D.R.Civ.P. 54(e)(3) under their argument that the attorney fees had already been subject to determination in the initial judgment. The court's order awarding attorney fees notes the Berlins did not object to the amount of attorney fees.

[¶12]   "[T]his Court does not consider questions that were not presented to the trial court and that are raised for the first time on appeal." *Hoff v. Gututala-Hoff*, 2018 ND 115, ¶ 7, 910 N.W.2d 896.  The purpose of an appeal is to review the actions of the district court, not to grant the appellant an opportunity to advance new strategies or theories. *Mahoney v. Mahoney*, 1997 ND 149, ¶ 13, 567 N.W.2d 206.  Because the Berlins did not object to the reasonableness of Avila's attorney fees in the district court, the reasonableness of the fees is not properly before this Court.

V.

[¶13]   The Berlins appeal from the amended judgment entered following the award of attorney fees was timely.  The district court was not precluded from consideration of Avila's request for attorney fees in the absence of a prior decision regarding attorney fees.  The Berlins waived their challenge to the reasonableness of the attorney fee award by failing to raise the challenge in the district court.  We affirm the amended judgment.

[¶14]   Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gerald W. VandeWalle, C.J.

4