# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 136

State of North Dakota,                                        Plaintiff and Appellee

     v.

Walter Alexander James,                                  Defendant and Appellant

No. 20190223

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice, in which Justices VandeWalle, Crothers, McEvers, and Tufte joined. Justice McEvers filed an opinion concurring specially.

Wade G. Enget, State's Attorney, Stanley, ND, for plaintiff and appellee; submitted on brief.

Walter A. James, self-represented, Bismarck, ND, defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Walter James appeals from a judgment entered following a jury verdict finding him guilty of possession with intent to deliver a controlled substance and fraudulent practices in urine testing.  James contends he was deprived of his right to counsel, claims there was an error in the post-verdict polling of the jury, asserts the district court erred in the issuance of a search warrant because it lacked jurisdiction, and argues there was a violation of his right to confront witnesses against him.  We affirm.

I

[¶2]   In March 2018, James was arrested and charged with possession with intent to deliver a controlled substance and fraudulent practices in urine testing.  The district court appointed an attorney for James after determining he qualified as indigent.  The court subsequently dismissed James' court appointed attorney after James became employed and no longer qualified as indigent.  James represented himself at trial in July 2019, and the jury found James guilty of both charges.  The court sentenced James to four years in prison with two years suspended.

[¶3]   James raises several issues on appeal.  First, he asserts that when the court terminated his court appointed counsel, even though he was no longer indigent, N.D.R.Crim.P. 11(b)(1)(C) required him to be informed of his right to counsel under N.D.R.Crim.P. 44(a)(3).  Rule 44(a)(3) provides that the court may appoint an attorney to represent a non-indigent defendant, at the defendant's expense, if a defendant is unable to obtain an attorney.  Second, he asserts he did not knowingly and intelligently waive his right to counsel.  Third, he contends there was an error in the polling of the jury following the verdict because only eleven of the twelve jurors were asked to confirm the verdict.  Fourth, he contends the court lacked jurisdiction to issue the search warrant which led to the discovery of evidence to support the criminal charges.

Fifth, he asserts his Sixth Amendment right to confront all of the witnesses against him was violated during the trial.

II

[¶4]   James contends the court violated N.D.R.Crim.P. 11(b)(1)(C) by failing to inform him that under N.D.R.Crim.P 44(a)(3), although he was no longer indigent, he could still have court appointed counsel at his own expense if he was unable to retain an attorney. Rule 11(b)(1) dictates the information required to be provided to a defendant prior to the acceptance of a plea of guilty. Rule 11(b)(1)(C) requires the defendant to be informed of their "right to be represented by counsel at trial and at every other stage of the proceeding and, if necessary, the right to have the counsel provided under Rule 44." In turn, N.D.R.Crim.P. 44(a)(3) provides "[t]he court may appoint counsel to represent a defendant at the defendant's expense if the defendant is unable to obtain counsel and is not indigent." Here, James proceeded to trial and was convicted by a verdict of the jury. We decline to extend Rule 11(b) beyond the procedure for accepting a plea of guilty and reject James' argument that N.D.R.Crim.P. 11(b)(1)(C) imposed a duty on the court to inform James, even though he was not indigent, that the court may appoint an attorney to represent him at his own expense if he was unable to retain his own attorney.

[¶5]   Although we have declined to extend the application of Rule 11(b) beyond the procedure for accepting a plea of guilty, James' argument is essentially, that as a matter of law, a defendant must be informed that Rule 44(a)(3) allows the court to appoint an attorney to represent them at their own expense if they are not indigent but are unable to retain their own attorney. Rule 44(a)(3) is permissive, providing the court "may" appoint an attorney for someone who is not indigent if they are unable to retain their own attorney. "We have held that '[t]here is no legal reason to appoint counsel for someone who can afford and obtain his own.'" *State v. Wallace*, 2018 ND 225, ¶ 12, 918 N.W.2d 64 (quoting *State v. DuPaul*, 527 N.W.2d 238, 241 (N.D. 1995)). We also note Rule 44(a)(3) was amended in 2006 from "[t]he court shall appoint" to the current version, "[t]he court may appoint." We hold that a non-indigent defendant is

not required to be informed that the court has discretion to appoint an attorney, at the defendant's expense, under Rule 44(a)(3).

## III

[¶6]   James also asserts he did not knowingly and intelligently waive his right to counsel because he was not informed of the dangers of representing himself. Article 1, Section 12 of the North Dakota Constitution and the Sixth Amendment of the United States Constitution guarantee a criminal defendant's right to counsel. *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829. The deprivation of the right to counsel is a structural error. *State v. Decker*, 2018 ND 43, ¶ 8, 907 N.W.2d 378.  We review an alleged denial of a defendant's right to counsel de novo. *Yost*, at ¶ 9.

[¶7]   While this Court has recognized the criminal defendant's guaranteed right to counsel, we have also recognized that criminal defendants have a corollary right to conduct their own defense. *State v. Dvorak*, 2000 ND 6, ¶ 10, 604 N.W.2d 445.  To proceed self-represented, a criminal defendant must voluntarily, knowingly, and intelligently choose self-representation. *Id*. "An unavoidable tension exists between the right to counsel and the right to self-representation, because asserting one right necessitates a waiver of the other." *Id*. at ¶ 11.

[¶8]   When reviewing a criminal defendant's waiver of the right to counsel and the decision to proceed self-represented, we have applied a two-step inquiry: (1) whether the defendant's waiver of the right to counsel was voluntary; and (2) whether the defendant's waiver was knowing and intelligent. *Dvorak*, 2000 ND 6, ¶ 12, 604 N.W.2d 445.  "Although we have not required trial courts to engage in a specific colloquy with a defendant who appears pro se, we prefer that trial courts eliminate any ambiguity about a waiver by making a specific on-the-record decision the defendant voluntarily, knowingly, and intelligently waived the right to counsel." *Id*. at ¶ 11.

[¶9]   The court instructed James as follows:

3

> Again, if you're going to continue to represent yourself, you'll be held to the same standard as someone who's licensed to practice law in the State of North Dakota. That means the rules of civil procedure, or the rules of criminal procedure, the rules of court, the rules of evidence, all of those will apply to you. I will expect you to bode yourself well as far as decorum goes when the jury is present and so forth.

This Court has previously determined a defendant's waiver of counsel to be voluntarily, knowingly and intelligently provided when the defendant is informed they will be held to the same standards as an attorney. *City of Fargo v. Habiger*, 2004 ND 127, ¶ 27, 682 N.W.2d 300. We conclude James voluntarily, knowingly, and intelligently waived his right to an attorney.

## IV

[¶10] James asserts there was an error in the post-verdict polling of the jury because only eleven of the twelve jurors responded to the polling. We have reviewed the record. All twelve of the jurors responded to the polling and confirmed the verdict of guilty on both of the charges.

## V

[¶11] James also contends evidence supporting his conviction should have been suppressed because the search warrant leading to the charges against him was issued outside of the issuing court's jurisdiction. James did not challenge the search warrant in the district court. James' objection to the search warrant cannot be raised for the first time on appeal. *State v. Ochoa*, 2004 ND 43, ¶ 10, 675 N.W.2d 161 (failing to properly raise a challenge to a search warrant in the trial court generally precludes appellate review).

## VI

[¶12] James asserts his Sixth Amendment right to confront witnesses against him was violated when a law enforcement officer testified regarding discussions with a delivery driver who did not testify. The delivery driver provided information leading to law enforcement seeking and obtaining the search warrant.

[¶13] Because James did not object to the testimony at trial, our review is limited to obvious error. *State v. Chatman*, 2015 ND 296, ¶ 27, 872 N.W.2d 595 (when an issue is not raised in the trial court, even a constitutional issue involving a defendant's right to confront witnesses, this Court will not address the issue on appeal unless the alleged error rises to the level of obvious error). On appeal, James does not argue that admission of the testimony was obvious error. Because James did not raise the issue at trial, and he has failed to argue on appeal an obvious error, we decline to address his argument. *State v. Thomas*, 2020 ND 30, ¶ 15, 938 N.W.2d 897 (declining to address an issue of obvious error when the appellant has failed to assert an argument of obvious error on appeal).

## VII

[¶14] James was not required to be informed of his possible appointment of counsel under N.D.R.Crim.P. 44(a)(3). The record also supports the conclusion he voluntarily, knowingly, and intelligently waived his right to counsel. James did not preserve the remaining issues in the district court and failed to argue on appeal an obvious error. We affirm the judgment of the district court.

[¶15] Jon J. Jensen, C.J.
Lisa Fair McEvers
Gerald W. VandeWalle
Jerod E. Tufte
Daniel J. Crothers

**McEvers, Justice, concurring specially.**

[¶16] I agree with the majority the judgment should be affirmed. I write separately to point out a criminal defendant must be informed of certain rights, including the right to counsel, whether or not a defendant pleads guilty. Under N.D.R.Crim.P. 5(b)(1)(E), a defendant must be informed of certain rights at the initial appearance, including "the defendant's right to have legal services provided at public expense to the extent that the defendant is unable to pay for the defendant's own defense without undue hardship." James did not argue on appeal he was not informed of his rights at the initial appearance, and has

5

not provided a transcript for this Court's review. An appellant assumes the risks of not providing a transcript on appeal. *State v. Cook*, 2014 ND 18, ¶ 4, 843 N.W.2d 1.

[¶17] Lisa Fair McEvers