# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 164

A.R. Audit Services, Inc.,                                         Plaintiff and Appellee

     v.

Tahnee R. Young,                                              Defendant and Appellant

## No. 20200064

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Per Curiam.

Meggi Ihland, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Tahnee R. Young, Fargo, ND, defendant and appellant; submitted on brief.

# A.R. Audit Services Inc. v. Young
## No. 20200064

**Per Curiam.**

[¶1]  Tahnee Young appeals an order denying her motion for relief under N.D.R.Civ.P. 60(b)(1), after summary judgment was granted to A.R. Audit Services, Inc., in a collection action for unpaid medical bills.  Young raises a myriad of issues on appeal that were not raised in the district court.  She argues that A.R. Audit failed to provide a notarized affidavit establishing legal authorization to assign billing issues to A.R. Audit; that the assignments of debt are not valid; and that A.R. Audit did not have legal authority to bring this action.  She further contends that an affidavit on behalf of A.R. Audit contains hearsay; that A.R. Audit failed to provide evidence showing she had been screened for financial assistance eligibility, asserting an affidavit from the original creditor was false; that the district court ignored her statement at the Rule 60 hearing, asserting she had never lived in Minot; that she did not receive a fair hearing, and that some bills reflect a Minot address and are "from a different person."

[¶2]  Young did not raise her issues in the district court that she now raises on appeal regarding the evidence supporting summary judgment, and the district court did not abuse its discretion in denying her motion for relief.  We summarily affirm under N.D.R.App.P. 35.1(a)(4) and (7); *see Avila v. Weaver*, 2019 ND 20, ¶ 12, 921 N.W.2d 450 ("'[T]his Court does not consider questions that were not presented to the trial court and that are raised for the first time on appeal.'  The purpose of an appeal is to review the actions of the district court, not to grant the appellant an opportunity to advance new strategies or theories." (citations omitted)). Young has also failed to provide any relevant authority on appeal, and her brief violates N.D.R.App.P. 28(b)(2) for failure to include a Table of Authorities.  We do not consider arguments not adequately

articulated, supported, and briefed. *State v. Noack*, 2007 ND 82, ¶¶ 8, 10, 732 N.W.2d 389.

[¶3]   Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Daniel J. Crothers
       Jerod E. Tufte
       Gerald W. VandeWalle