# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 22

In the matter of the Estate of Neil P. Johnson, Deceased

| | |
|---|---|
| Valoie Olson, Personal Representative, | Petitioner and Appellee |
| v. | |
| Neil Olson, | Respondent and Appellant |

### No. 20200142

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Michael J. Geiermann (argued) and Mary M. Guler (on brief), Bismarck, ND, for petitioner and appellee.

Theresa L. Kellington, Bismarck, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]   Neil Olson appeals from a district court order dismissing his second petition requesting formal probate proceedings for the Estate of his great-uncle, Neil Johnson. The court found Neil Olson was estopped from challenging the court's prior finding that he was not an interested person under N.D.C.C. § 30.1-01-06(26) and therefore lacked standing to assert his claims. We affirm the dismissal of Neil Olson's second petition.

I

[¶2]   Neil Johnson died in June 2019. Johnson's will, dated November 23, 2001, was admitted to informal probate. Valoie Olson, Johnson's sister, was appointed as personal representative of Johnson's Estate. After the will was admitted into informal probate, Neil Olson, Johnson's grandnephew, filed a petition ("first petition") objecting to informal probate and seeking to remove Valoie Olson as personal representative. In the first petition, Neil Olson asserted Johnson's November 23, 2001 will had been revoked by a subsequent will, and he argued Valoie Olson was unfit to fulfill the role of personal representative of the Johnson Estate.

[¶3]   Valoie Olson moved to dismiss the first petition under N.D.R.Civ.P. 12(b)(6) asserting Neil Olson lacked standing to assert the claims contained in his petition because he did not qualify as an "interested person" under N.D.C.C. § 30.1-01-06(26). Neil Olson responded to the motion arguing he qualified as an interested person with standing to bring the first petition.

[¶4]   On October 28, 2019, the district court granted the motion to dismiss the first petition under N.D.R.Civ.P. 12(b)(6). The court found Neil Olson was not an interested person and, therefore, did not have standing to bring a claim to remove Valoie Olson as personal representative of the Johnson Estate pursuant to N.D.C.C. § 30.1-17-11. Neil Olson did not appeal the court's finding he was not an interested person and the dismissal of the first petition.

[¶5]   On January 13, 2019, Neil Olson filed a second petition objecting to the informal probate. Valoie Olson moved to dismiss the second petition arguing the second petition failed to raise any new issues; the issue of standing had already been decided by the district court; and Neil Olson's failure to appeal the court's prior finding on whether he was an interested person precluded the relitigation of that issue. Neil Olson responded to the motion to dismiss with a substantive argument on the issue of whether he was an interested person. He supported his claim of being an interested person by asserting what he described as "newly discovered evidence." His response to whether the prior order precluded relitigation of the issue of whether he was an interested person was limited to the assertion that the prior order for dismissal was not final because it was issued in an informal probate. The court granted the motion to dismiss under N.D.R.Civ.P. 12(b)(6) after declining to redetermine the issue of whether Neil Olson was an interested party.

[¶6]   On May 15, 2020, Neil Olson appealed. He contends he is an interested person and has standing to support the second petition for formal probate and removal of Valoie Olson as personal representative of the Johnson Estate. He argues "newly discovered evidence" should have been considered by the district court in determining whether he is an interested person, and the court erred in declining to reconsider whether he was an interested person because the order for dismissal of his first petition was issued in an unsupervised, informal proceeding and, therefore, was not a "final" order.

II

[¶7]   Our standard for reviewing a district court's decision to dismiss a complaint under N.D.R.Civ.P. 12(b)(6) is well established:

> A motion to dismiss under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint. On appeal, we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. This Court will affirm a judgment dismissing a complaint for failure to state a claim under N.D.R.Civ.P. 12(b)(6) if we cannot discern a potential for proof to support it. We review a district

court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo.

*Martin v. Marquee Pac., LLC*, 2018 ND 28, ¶ 9, 906 N.W.2d 65 (internal citations and quotation marks omitted).

## III

[¶8]   Neil Olson argues he was not required to appeal the dismissal of his first petition because it was issued in an informal probate proceeding and, therefore, was not a final order. The underlying probate proceeding is an informal, unsupervised probate proceeding. We have previously recognized the following with regard to the finality of an order in an informal, unsupervised probate proceeding:

> This is an informal, unsupervised probate case. In an unsupervised probate, each proceeding before the court is independent of any other proceeding involving the same estate. N.D.C.C. § 30.1-12-07. Because each proceeding is independent, there needs to be finality, for purposes of appealability, only for the proceeding being appealed. *In re Estate of Grengs*, 2015 ND 152, ¶ 18, 864 N.W.2d 424. This Court has explained, "When interrelated claims have not all been resolved, the order or judgment is not final for review. 'Thus, in an unsupervised probate, an order settling all claims of one claimant is final, even if there are pending claims by other claimants.'" *Id.* (quoting *In re Estate of Eggl*, 2010 ND 104, ¶ 7, 783 N.W.2d 36) (citation omitted).

*In re Estate of Ketterling*, 2016 ND 190, ¶ 7, 885 N.W.2d 85.

[¶9]   The district court's order dismissing the first petition was entered on October 28, 2019. That order found Neil Olson was not an interested individual, and, therefore, he lacked standing to petition for removal of the personal representative. The October 28, 2019 order resolved all of his pending claims and was a final order.

[¶10] The notice of entry of order was served on November 13, 2019, and a timely appeal of that order was required to be filed within 60 days from the notice of entry of judgment. Neil Olson failed to file a timely appeal from the

3

district court's order dismissing his first petition. The October 28, 2019 order dismissing the first petition was a final order and was not challenged through an appeal.

IV

[¶11] The district court dismissed Neil Olson's second petition by finding the prior petition had been dismissed after the court determined Neil Olson was not an interested person and noting res judicata precluded relitigation of that issue. Res judicata and collateral estoppel are related preclusion doctrines with common purposes. Both doctrines promote finality of judgments, "which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources." *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101 (quoting *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 10, 721 N.W.2d 16). This Court has previously explained the application of the two doctrines:

> "Although collateral estoppel is a branch of the broader law of res judicata, the doctrines are not the same." Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to [the] parties and their privies in all other actions. Res judicata applies even if subsequent claims are based upon a different legal theory. Collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action.

*Id.* (quoting *Ungar*, at ¶ 11).

[¶12] The "doctrines of res judicata claim preclusion and collateral estoppel issue preclusion 'should apply as fairness and justice require, and should not be applied so rigidly as to defeat the ends of justice.'" *Skogen v. Hemen Twp. Bd.*, 2010 ND 92, ¶ 17, 782 N.W.2d 638 (quoting *Riverwood Commercial Park*,

2007 ND 36, ¶ 14, 729 N.W.2d 101). Whether res judicata or collateral estoppel applies is a question of law and is fully reviewable on appeal. *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2019 ND 124, ¶ 11, 927 N.W.2d 880.

[¶13] Neil Olson's only argument in the district court and in this Court pertain to whether the court's prior determination that he was not an interested person precluded relitigation of that issue was the contention that the order dismissing the first petition was not final because it was issued in informal probate proceedings. The court correctly determined its prior order was a final order. Under the circumstances of this case, and considering the issues raised by Neil Olson, we conclude the dismissal of the second petition was appropriate.

V

[¶14] In both the district court and this Court, Neil Olson argued the substantive merits of whether he was an interested person. He limited his challenge to whether the prior finding precluded relitigation of the issue of whether he was an interested individual to the issue of unsupervised and informal probate proceedings. Neil Olson did not raise, either in the district court or on appeal, whether the court's decision was on the merits after finding that he was not an interested person and subsequently dismissing the action for lack of standing. A judgment issued on the merits in a prior action between the same parties or privies constitutes a bar to a subsequent action based upon the same claim, claims, or cause of action. *Matter of Estate of Finstrom*, 2020 ND 227, ¶ 46, 950 N.W.2d 401. This Court has not previously considered whether a dismissal based on a lack of standing is an adjudication on the claim's merits. *Botteicher v. Becker*, 2018 ND 111, ¶ 8, 910 N.W.2d 861.

[¶15] This Court does not consider questions not presented to the trial court. *Avila v. Weaver*, 2019 ND 20, ¶ 12, 921 N.W.2d 450. We also do not consider arguments not adequately articulated, supported, and briefed. *State v. Noack*, 2007 ND 82, ¶¶ 8, 10, 732 N.W.2d 389. The issue of whether the court's finding that Neil Olson was not an interested person and, therefore, lacked standing, is a decision on the merits was not raised in the trial court and has not been briefed in this Court. We decline to determine, and leave open, the question of

whether a dismissal based on a lack of standing is an adjudication on the claim's merits.

## VI

[¶16] In Neil Olson's second petition, he challenged the district court's prior substantive determination of whether he was an interested person and the finality of an order in an unsupervised, informal proceeding. The court's dismissal of Neil Olson's first petition resolved all his pending claims, was a final order, and was not appealed. The court properly dismissed Neil Olson's second petition under N.D.R.Civ.P. 12(b)(6) when Neil Olson's arguments were limited to the substantive issue and the incorrect assertion that the dismissal of the first petition was not a final order. We affirm.

[¶17]     Jon J. Jensen, C.J.
            Lisa Fair McEvers
            Jerod E. Tufte
            Gail Hagerty, S.J.

            I concur in the result.
            Daniel J. Crothers

[¶18] The Honorable Gail Hagerty, S.J., sitting in place of VandeWalle, J., disqualified.