# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 169

Daniel Louis Thompson,                                    Plaintiff and Appellant

v.

City of Adams, City Council
Members, Scott Grove, Pat Restad,
Jim Dreviski, JoAnne Bylin,
Derrick Lundquist, Adams City Auditor,
Walsh County Auditor and all others
Unknown, et al – in their official capacity
and their personal capacity,                              Defendants and Appellees

## No. 20250185

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

AFFIRMED.

Per Curiam.

Daniel L. Thompson, self-represented, Adams, ND, plaintiff and appellant; submitted on brief.

Daniel L. Gaustad, Marianne O. Knudson, and Jaxen J. Bratcher, Grand Forks, ND, for defendants and appellees; submitted on brief.

**Thompson v. City of Adams, et al.**
No. 20250185

**Per Curiam.**

[¶1]   Daniel Thompson appeals from a district court order granting summary judgment in favor of the City of Adams and the city and county defendants in their official and personal capacities. On appeal, Thompson argues the special assessments assessed against his properties were invalid, special assessments cannot be used as a punishment for alleged ordinance violations, a valid claim for due process violations exists, and that he presented evidence of unequal enforcement of special assessments amongst city residents.

[¶2]   Thompson's legal arguments are sparse, largely unsupported, and fail to include citations to the record showing the issues on appeal were raised in the district court. Under N.D.R.App.P. 28(b), imperative requirements of an appellant's brief include: a statement of the issues presented for review; a statement of the facts and, where those facts are disputed, references to the evidentiary record supporting the appellant's statement of facts; and appellant's legal argument, including the authorities which appellant relies upon. *State v. Noack*, 2007 ND 82, ¶ 9, 732 N.W.2d 389. Thompson's brief omits numerous components required under N.D.R.App.P. 28(b), including grounds for appellate jurisdiction, record citations, authorities supporting his arguments, and standards of review.

[¶3]   As Thompson's brief does not meet the minimum requirements of N.D.R.App.P. 28(b), and his arguments are not adequately supported, we summarily affirm the district court's judgment under N.D.R.App.P. 35.1(a)(8).

[¶4]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

1